## FRANK ASKEW v. THE STATE.

### No. 3990. Decided October 28, 1908.

#### 1.—Murder—Bill of Exceptions—Allusion to former Trial.

Where upon trial for murder the defendant objected to the State attorney's manner of examining the jurors on their voir dire as to whether they had heard the previous trial of defendant, and the bill of exceptions was so

framed that it was practically impossible to understand whether the defendant or the State's counsel had first opened up this matter, the same could not be considered; but such examination should be made without alluding to former trials.

**2.—Same—Defendant as a Witness—Allusion to Former Trial—Evidence— Argument of Counsel.**

Where upon trial for murder the State's counsel, by cross-examination of defendant, attempted to get before the jury the testimony of two absent witnesses, relatives of defendant, which he contended they had given upon a former trial, to show that defendant had manufactured his defense, and which testimony was refused by the court, it was reversible error to permit State's counsel to state in his argument as to what these witnesses would have sworn and which he contended they did swear on a former trial; a charge requesting the withdrawal of this argument being refused.

Appeal from the District Court of Hopkins. Tried below before the Hon. R. L. Porter.

Appeal from a conviction of manslaughter; penalty, two years imprisonment in the penitentiary.

The opinion states the case.

*C. E. Sheppard,* for appellant.—On question of alluding to previous trial: Richardson v. State, 33 Texas Crim. Rep., 518; Hamilton v. State, 51 S. W. Rep., 217.

*F. J. McCord,* Assistant Attorney-General, for the State.

BROOKS, Judge.—This is the second appeal of this case, the former appeal being found in the 47 Texas Crim. Rep., p. 362. It is there reported as Frank Asken v. State. The evidence on the trial which resulted in this conviction is different, to a very considerable extent, from that on the former appeal.

Quite a number of criticisms are urged against the charge in regard to manslaughter and self-defense. A careful review of these charges, we think, sufficiently present the law of the case so that appellant was not injured.

Exception was reserved to the manner of examining the jurors on their voir dire by the district attorney. The particular point is that the district attorney asked them if they had heard the previous trials, one of which resulted in a hung jury. In his qualification the district judge says that the defendant's counsel asked many questions of the jurors in regard to their knowledge of the former trials. The bill is so framed that it is practically impossible for this court to understand exactly who brought about these questions. If the defendant's attorney first opened up the matter in his examination of the jurors, he can not complain. If the district attorney did so, then, of course, defendant had the right to probe that matter. So we say, as the bill is presented, it leaves us in doubt as to who first interrogated the jurors. Examination of the

qualification of jurors can be ascertained without allusion to former trials.

Appellant reserved two bills of exceptions in regard to the conduct of the district attorney. The first relates to his manner of examining the defendant while testifying in his own behalf. The bill recites that the district attorney questioned the defendant as follows: "'Walter and Arthur Lewis who testified upon the former trial of this case were cousins of you were they not?' To which the defendant replied, 'Yes.' Q. 'You were here in court and heard them testify against you at a former trial of this case? A. 'Yes, sir.' Q. 'Is it not a fact that they, your cousins, each testified upon a former trial of this case in this court in your presence and hearing that you shot the deceased in the back while he was running from you, and did they not also testify that after the shooting that you cut your own clothes and hat and then took the knife and put it down by the deceased's hand? And is it not a fact that you heard Walter Lewis and Arthur Lewis both testify upon the former trial of this case to all of these facts?'" Appellant urged various objections which were sustained by the court in so far as answers were concerned. The further exception was reserved that it was material error to permit the district attorney to ask such questions. The other bill refers to the same subject matter and came out in the district attorney's argument, as follows: "If the defendant's counsel is so honest and are always so fair in their cases, and if they wanted you to know the whole truth and wanted to be fair in this case why did they object to the defendant testifying as to what his cousins, Walter and Arthur Lewis, had testified to upon a former trial of this case, as to his having cut his own clothes and hat and then putting the knife down by the hand of the deceased after so doing, and if they are so honest why were they not willing for all the facts to be known to you, and why did they object to this defendant telling you as to what his own cousins had testified to as to how he shot and killed the deceased and what he did after he so shot and killed him?" Various objections were urged to this argument, among other things, that it was improper, prejudicial and calculated to inflame the minds of the jury against the defendant, and was a discussion of facts not admitted in evidence by the court and that had been by the rulings of the court rejected a' evidence. The court explains this bill by stating that the defendant's counsel in their arguments to the jury had stated that the district attorney objected to certain evidence offered by defendant, but so far as they were concerned they were willing to turn on the light and let everything in; that they wanted to be fair and honest with the jury and desired that they know everything in connection with the whole case and the above remarks complained of by the defendant were provoked by the argument of defendant's counsel. What these remarks were of defendant's counsel is not shown but by reference to

another bill in regard to the absence of a witness named McLure, whose testimony they sought to be reproduced before the jury, we are led to believe that defendant's counsel referred to the action of the court in refusing to permit them to introduce McLure's testimony stenographically reported. Be this as it may, the two bills reserved by appellant to the examination of the defendant in regard to what the two absent witnesses, his cousins, had stated on a previous trial in connection with the statement by the district attorney as to what they would have sworn, constitutes such error and injury as should cause this judgment to be reversed. There was a direct reference and statement to the fact that there had been a former trial. There was an attempt to get before the jury the testimony of the two absent witnesses, relatives of appellant, showing that he had manufactured a defense, which was refused by the court, but placed before the jury by the statements of the district attorney over the rulings of the court. The court was requested to withdraw these remarks from the jury and instruct them not to consider same, but this was refused by the court. The statements of the district attorney to the jury as to what these witnesses would have sworn was clearly outside of the record, was not justified as evidence and if it had been admitted through the mouth of the witness with objections reserved, it would have been clearly reversible error. Certainly it would not take any reasoning to show that it would be error for a district attorney to state as facts before a jury such matters as he could not and would not be permitted to be introduced as evidence. This court has been a little cautious about reversing cases on arguments, but the court has not considered it right to affirm cases in the face of such arguments and statements as detailed in this bill of exceptions. If the prosecution will continue to transgress legal rules in trials of cases, it will force this court to reverse judgments of conviction. Accused parties are entitled to fair trial.

The judgment is reversed and the cause is remanded.

*Reversed and remanded.*