ARCHIE PRICE v. THE STATE.

No. 4462. Decided January 20, 1909.

**1.—Theft—Variance—Possession—Ownership.**

Where upon trial for theft the ownership and possession of the property was alleged to be in Ben Irelson, and the proof showed that the property alleged to have been stolen was owned by the Ben Irelson Company of which Ben Irelson owned a majority of the stock and was the active manager and had practically the exclusive control and management of the same, the allegation of the ownership and possession were sufficiently proved as alleged, although the said Irelson was not in the store at the time the property was actually stolen therefrom.

**2.—Same—Consent to Taking.**

Where upon trial for theft the proof showed that there was no procurement, suggestion, inducement, aid or encouragement of the theft by the person in immediate charge of the property in question there was no evidence of consent to the taking.

Appeal from the County Court of Dallas County at Law. Tried below before the Hon. W. M. Holland.

Appeal from a conviction of misdemeanor theft; penalty, thirty days confinement in the county jail.

The opinion states the case.

*Harry P. Lawther* and *Chas. M. Meng,* for appellant.—On question of ownership and possession and consent: Williams v. State, 26 Texas Crim. App., 131; Otero v. State, 30 Texas Crim. App., 450; White v. State, 24 Texas Crim. App., 231; Stallings v. State, 29 Texas Crim. App., 220; Thurmond v. State, 30 Texas Crim. App., 539; McGee v. State, 66 S. W. Rep., 562.

*F. J. McCord,* Assistant Attorney-General, for the State.

RAMSEY, JUDGE.—Appellant appeals from a conviction in the County Court of Dallas County, Texas, on a charge of theft of two pair of socks, alleged to have been taken from and the property of one Ben Irelson, his punishment being assessed at confinement in the county jail for thirty days.

The testimony showed that, as a matter of fact, the property taken was a part of the stock of merchandise owned by the Ben Irelson Company of which Ben Irelson owned a majority of the stock, was the active manager, and of which he had practically the exclusive and unrestrained control and management. The facts also show that at the time of the taking, Mr. Irelson was not in the store, though he arrived there a few minutes afterwards; and had been sick and away from his place of business for something near two weeks before the property was stolen. The proof further showed that in Mr. Irelson's absence one Wells as next in authority and in charge of the business.

1. The position is taken by counsel for appellant that there is a variance between the allegations contained in the indictment and the proof, in that the facts showed that the property belonged to the Ben Irelson Company and not to Ben Irelson, and that in no proper legal sense was the possession of the property in Irelson. Article 862 of the Penal Code provides, as follows: "It is not necessary, in order to constitute theft, that the possession and ownership of the property be in the same person at the time of taking." Again, article 863, says: "Possession of the person so unlawfully deprived of property is constituted by the exercise of actual control, care and management of the property, whether the same be lawful or not." Under our statute in respect to theft, it has been held that where the agent of an express company had the exclusive care, control and management of the property, the ownership and possession of the property was properly laid in him. Arcia v. State, 28 Texas Crim. App., 198. Again, it is undoubtedly true that, where one owns

property and another person has the possession, charge, or control of the same, the ownership thereof may be alleged in either. Again, it has been held that, where property is in the possession of a special owner, that is of one who has the actual care, control and management, and is holding the same for the actual or general owner, the indictment should allege the ownership and possession; and that it was taken from the possession and without the consent of such special owner, it need not allege the possession of the actual owner nor negative his consent to the taking. Nor is it necessary, where possession is alleged in a special owner to allege that the special owner was holding the property for the general owner. See Otero v. State, 30 Texas Crim. App., 450; Bailey v. State, 20 Texas Crim. App., 68; Alexander v. State, 24 Texas Crim. App., 126. In this case, under the testimony, it is placed beyond doubt, that Mr. Irelson was the general manager and practically in undisputed control of the property. True, he was not actually present at the time of the taking, nor had he been about the store for some little time; but his relation to the property was not changed. If his mere absence from the store at the time of the taking could change the rule of law, it would be the same whether it was one hour, one week or two weeks. It is his relation to and control and management of the property that fixes his status with reference to it, and that controls the allegation in respect to ownership and possession. We think, therefore, that the allegation of the ownership and possession were properly laid in the indictment and sustained by the evidence.

2. Again, it is urged that the conviction can not be sustained for the reason that the property was taken with the consent of Ed Wells, a clerk in the establishment. Mr. Wells testified that they had been missing things in the store, and that he had suspected appellant; that he found a box of socks down in the basement on a table which were not where they belonged, and while he did not know who placed them there, he suspected appellant; that he opened the box and counted the socks and found none missing; that he left the box where it was, put the cover on it; and later, upon an examination, he found that two and a half pairs of the socks were gone. That he thereupon sent word to the city hall for a policeman; that at this time there was no one in the store but himself and defendant; that when the officer, Mr. Price, reached the store, he told him what had occurred; that he did not know that defendant had the socks; that he had not seen him take them, but suspected him; that Mr. Price, said: to say nothing to the negro, and if he did not take them away there would be no case; that appellant left the store without objection from them, and Mr. Price followed after him, and arrested him a few doors down the street, and that the socks were taken out of his shirt bosom and brought back to the store. It is claimed that this testimony is such evidence of consent as to defeat a conviction, and to support the contention appellant cites

the cases of White v. State, 24 Texas Crim. App., 231; Stallings v. State, 29 Texas Crim. App., 220; and Thurmond v. State, 30 Texas Crim. App., 539. We think the principle and rule announced in those cases can have little application to the case at bar, and that upon the facts of this case it is easily distinguishable from the cases cited. In those cases the proof showed an active participation, either by the owner or some one for him, in aid and encouragement to the theft. In this case nothing was done by Wells, except to wait and see. He found the socks in the basement; he did not move them; he kept quiet and said nothing and did nothing. Later, without the knowledge and by a person, unknown to him, two and a half pairs of socks were taken. There was no procurement, no suggestion, no inducement, no aid, no encouragement of the theft. We do not think these facts show consent. We attach no importance to the statement of the detective not to interfere or arrest appellant while yet in the store, because if appellant then had the property, as he did, in his possession, taken from the place where it was kept and taken with a felonious intent, he was just as guilty of a theft as he was at any time thereafter, in the store or out of it. We think there was no error in the judgment of the court below, and it is ordered that the conviction be and the same is hereby in all things affirmed.

*Affirmed.*