JOHN CRAWFORD v. THE STATE.

No. 7870. Decided January 23, 1924.

Rehearing denied March 12, 1924.

**1.—Selling Intoxicating Liquor—Trial Judge—Drawing Jury.**

This court knows of no law requiring the presiding judge in the lower court to perform the manual act of drawing the jury and there was, therefore, no error that the trial judge refused to do so and directed the clerk to draw the jury. Distinguishing Bell v. State, 92 Texas Crim. Rep., 342.

**2.—Same—Argument of Counsel.**

Where the argument of counsel was objected to by the counsel for the defendant and the jury was told orally not to consider it, and no written charges were requested to withdraw it and the language was not obviously harmful, there was no reversible error.

**3.—Same—Conduct of District Attorney—Exhibiting Paper.**

Where the bill recited that while the district attorney was replying to an argument made by appellant's attorney as to the evidence of some witness, the district attorney exhibited a paper stating that he had asked the stenographer to transcribe the testimony of the witness, and that he proposed to read it to the jury, but the paper was not so read and the bill of exceptions was defective, there was no reversible error. Distinguishing Dunn v. State, 85 Texas Crim. Rep., 299.

**4.—Same—Requested Charge.**

There was no error in refusing a requested charge to the effect that before conviction could result the jury must believe from the evidence beyond a reasonable doubt that the substance sold by defendant was capable of producing intoxication.

**5.—Same—Sufficiency of the Evidence.**

Where, upon trial of selling intoxicating liquor, the evidence supported the conviction, there is no reversible error, and the fact that one of the witnesses referred to the liquor as being "white" and another said it was "yellow" is of no particular significance.

**6.—Same—Rehearing—Argument of Counsel.**

The argument of the district attorney telling the jury that they would never get any negroes in the penitentiary if they turned this negro loose, while not approved by the court, does not warrant a reversal under the prompt action of the court to disregard it.

Appeal from the District Court of Taylor. Tried below before the Honorable W. R. Ely.

Appeal from a conviction of selling intoxicating liquor; penalty, two years imprisonment in the penitentiary.

The opinion states the case.

*Kirby, King & Overshiner,* for appellant.—On question of argument of counsel: Stevison v. State, 89 S. W. Rep., 1072; Taylor v. State, 100 id., 393; Grimes v. State, 141 id., 261.

*Tom Garrard* and *Grover C. Morris,* Assistants Attorney General. for the State.

HAWKINS, Judge.—The offense is the sale of intoxicating liquor. Punishment, two years in the penitentiary.

Appellant requested the trial judge in person to draw the jury from the box. This the judge declined to do, but directed the clerk to draw the jury in open court which was done with the assistance of the court reporter, the clerk drawing the names from the box and the reporter, under the direction of the judge, writing the names as drawn. We know of no law requiring the presiding judge to perform the manual act of drawing the jury. The Bell case, 92 Texas Crim. Rep., 342, 243 S. W. Rep., 1095, cited by appellant, does not support his proposition. The court's action was in accord with Articles 702 and 703, Code Criminal Procedure.

In bills of exception three and four complaint is made of conduct and argument of the district attorney. As qualified by the court bill No. 3 presents no error. When the argument was objected to the court then told the jury not to consider it. No written charge

relative to the incident was requested. We do not regard the language complained of as so obviously harmful as that the action of the court did not remedy any supposed hurt. Bill No. 4 recites that while the district attorney was replying to an argument made by appellant's attorney as to the evidence of some witness the district attorney exhibited a paper, stating that he had asked the stenographer to transcribe the witness' testimony and that he would read it to the jury. Various objections were urged to this procedure. The bill is defective we think in that the name of the witness is not .given, neither is the substance of the evidence over which the controversy arose stated. So far as we know it may have related to an immaterial and trivial matter. The paper was not read to the jury, the court stating in his explanation to the bill that when counsel objected the district attorney laid it aside. Dunn v. State, 85 Texas Crim. Rep., 299, 212 S. W. Rep., 511, does not furnish a precedent that the matter here urged was erroneous. In that case the conduct of the attorney was such as to get before the jury injurious matter not in evidence; here simply a controversy arose between the attorneys as to what evidence some witness had given before the jury.

Bill of exceptions No. 5 as qualified by the learned trial judge presents no error and will not be discussed.

The court properly refused appellant's requested charge No. 2 to the effect that before conviction could result the jury must believe from the evidence beyond a reasonable doubt that the substance sold by appellant was capable of producing intoxication. This exact issue was covered by the fourth paragraph of the main charge.

The precise charge upon which conviction rests was that appellant sold to Charlton Wooldridge "one pint of spiritous liquors capable of producing intoxication." It is contended that if any spirituous liquor was sold it was "whisky," and that the evidence is insufficient to show that the liquor sold was that character of intoxicant. On direct examination Carlton Wooldridge testified:

"I asked him (appellant) if he had anything to drink. He said no he did not have anything with him but he could get me something in about fifteen minutes. I told him to get it and he left the store. He afterwards returned. When he came back he brought the *whisky* with him. He brought a pint of *whisky* and I gave him $3.00 for it. I delivered the money to him and he delivered the *whisky* to me. I drank part of it and gave my Dad a drink, and what was left I threw it away. That occurred in the State of Texas and County of Taylor. That is where I gave him the money for the *whisky* and he delivered the *whisky* to me."

On cross-examination he testified:

"I never drank over about one half pint of whisky in my life. I never drank any before I drank this unless it was for medicine.

. . . I knew there was whisky in the medicine only because somebody told me there was. . . . Of my own knowledge I can not say that I ever drank any whisky before. . . . That whisky was . white. That whisky was in coca cola bottles. I might have testified before that it was in soda pop bottles. It is a fact that it was in soda pop bottles. It was in two bottles . . . I asked him for a drink. I asked him for something to drink. I did not ask him for whisky. He did not tell me what it was. He did not tell me it was whisky. . . I took the bottles home with me. I took both bottles that I got from this negro. . . . I drank some of it after. I got home. After I gave my Daddy a drink I threw the rest of it away. I gave my Daddy a drink the next morning.''

Ab Wooldridge testified on direct examination:

''My son gave me a drink of something out of a bottle on Christmas morning of 1921. I tasted it. I pronounced it whisky. I have drunk whisky. I never have drunk very much whisky. In my opinion that was whisky.''

On cross-examination this witness testified:

''What he gave me was about an inch or two in a soda pop bottle. That was a yellow fluid. It was yellow. I have drunk whisky before. I do not know whether I ever drunk any of that kind of whisky before or not. I do not know what kind it was. I am not in the habit of drinking bad whisky. This is the first I ever tasted that I know of. I just took a teaspoonful of it. I do not know whether it was intoxicating or not. It never intoxicated me. I never felt any effect from it. As to it being a fact that it might have been whisky, or it might not have been, as far as I absolutely know I pronounce it whisky. In my opinion it was whisky. Of course it might not have been whisky. I never saw any just like it before. I never did pay any attention to it. . . . I merely state to this jury on that state of facts in my opinion it was whisky. That is all.''

We are of opinion the foregoing facts support the verdict. We do not regard as particularly significant the fact that one of the witnesses referred to the liquor as being ''white'' and another said it was ''yellow.'' The evidence appears to leave no doubt that they were talking about the same liquor, or that the boy gave his father a drink from one of the soda pop bottles purchased from appellant.

We do not believe the evidence raised an issue calling for the submission of appellant's requested charge to the effect that if the jury entertained a reasonable doubt as to whether the liquor sold was whisky they should acquit. The State's testimony on that issue is set out, and appellant offered none.

We have considered all the propositions urged by appellant in his brief and believe none present error calling for a reversal.

The judgment is affirmed.

*Affirmed.*

ON REHEARING.

March 12, 1924.

MORROW, PRESIDING JUDGE.—The district attorney, in his argument, said to the jury:

"You will never get any negroes in the penitentiary if you turn this negro loose."

The court instructed the jury to disregard the argument. Considering the record, the nature of the argument, while not approved by this court, was not such as warrants a reversal of the judgment, in view of the prompt action of the trial court in instructing the jury to disregard it.

The motion is overruled.

*Overruled.*