Bob Deshazo v. The State.

No. 8473. Decided June 4, 1924.

**1.—Unlawful Possession of Intoxicating Liquor—Sufficiency of the Evidence.**

Where, upon trial of unlawfully possessing intoxicating liquor for the purpose of sale, the evidence was sufficient to sustain the conviction, there was no error on that ground.

2.—Same—Search Warrant—Affidavit.

Where the search warrant and affidavit for the search warrant were introduced in evidence, there was no error in overruling the objection thereto. Following: Gurski v. State, 93 Texas Crim. Rep., 612, and other cases.

3.—Same—Evidence—Selling Whisky.

Upon trial of unlawfully possessing intoxicating liquor for the purpose of sale, there was no error in admitting evidence that the appellant had previously sold whisky.

4.—Same—Charge of Court—Burden of Proof—Beverage Purposes.

Upon trial of unlawfully possessing intoxicating liquor for the purpose of sale, the charge of the court to the effect that if the appellant possessed intoxicating liquor for the purpose of sale, the burden was upon him to show that it was possessed for medicinal, mechanical, sacramental, or scientific purposes was unauthorized, as there was no evidence of this sort. The court should have charged the jury that upon the date of the transaction in question, it would not have been unlawful to possess liquor for beverage purposes.

5.—Same—Argument of Counsel—Reversible Error.

Where State's attorney in his argument said that when defendants are found in possession of intoxicating liquor and plead not guilty, they do not take the stand and explain the purpose for which they possessed it, is reversible error.

6.—Same—Argument of Counsel—Declaration of State's Counsel.

Where State's attorney in his closing remarks said that the defendant summoned witnesses to impeach certain witnesses, but that these witnesses had told the State's attorney that they would swear for the State, this was not in the nature of argument but of testimony and reversible error. Following: Askew v. State, 54 Texas Crim. Rep., 414, and other cases.

7.—Same—Practice on Appeal—Punishment.

Where the jury assessed against the appellant double the minimum penalty, this court is unable to say that they were not influenced by the improper argument of the State's attorney and the judgment must be reversed and the cause remanded.

Appeal from the District Court of Nacogdoches. Tried below before the Honorable L. D. Guinn.

Appeal from a conviction of unlawfully possessing intoxicating liquor for the purpose of sale; penalty, two years imprisonment in the penitentiary.

The opinion states the case.

*S. M. Adams,* and *Seale & Denman,* for appellant.—On question of argument of counsel: Exon v. State, 33 Texas Crim. Rep., 469, and cases cited in the opinion.

*Tom Garrard, Attorney* for the State, and *Grover C. Morris,* Assistant Attorney for the State.

MORROW, Presiding Judge.—The conviction is for the unlawful possession of intoxicating liquor for the purpose of sale; punishment fixed at confinement in the penitentiary for a period of two years.

Without detailing it, the evidence is regarded sufficient to support the verdict.

The search-warrant and affidavit for the search-warrant were in-troduced in evidence. The objections made were not pertinent. We observe, however, no legal reason for receiving either of these documents in evidence. See Bryant v. State, 94 Texas Crim. Rep., 67; 250 S. W. Rep., 169; Gurski v. State, 93 Texas Crim. Rep., 612; Allen v. State, No. 8420, not yet reported.

We think there was no error in receiving evidence that the appellant had previously sold whisky. Such testimony, under certain conditions, is relevant on the purpose for which the whisky was on hand and not too remote to be material. The bill in the present case fails to show that in admitting the evidence the rule of evidence against other offenses was transgressed.

An instruction was given by the court to the effect that if the appellant possessed intoxicating liquors for the purpose of sale, the burden was upon him to show that it was possessed for medicinal, mechanical, sacramental or scientific purposes. There was no evidence that it was possessed for any of these purposes, and in charging that the burden of proof was upon the appellant to so show, the court was in error. Jones v. State, 96 Texas Crim. Rep., 332. In view of the charge given upon that subject, however, the court should have given a charge telling the jury that upon the date of the transaction in question, it would not have been unlawful to possess liquor for beverage purposes.

The State's attorney, in his argument, used this language:

"When defendants are found in possession of intoxicating liquors and plead not guilty, they do not take the stand and explain the purpose for which they possessed it."

This apparently was violative of the statute inhibiting comment upon the failure of the appellant to testify. In this case, as shown by the bill, the appellant did not give testimony in his own behalf. See Art. 790, C .C. P.

In his closing remarks, the State's attorney used this language:

"The defendant summoned witnesses from Rusk to impeach Stovall, Patrick and Sheffield with, but these witnesses told me in Rusk that they would swear for the State."

The declaration by the State's counsel, in argument, that these witnesses had told him that they would swear for the State was not in the nature of argument but of testimony. Laubach v. State, 12 Texas Crim. App., 591; Askew v. State, 54 Texas Crim. Rep., 414; Branch's Ann. Texas P. C., p. 206. The law does not contemplate that

new evidence may be brought into the case by way of argument. Branch's Ann. Texas P. C., Sec. 364.

The jury having assessed against the appellant double the minimum penalty, we are unable to say that they were not influenced by the improper argument.

The judgment is reversed and the cause remanded.

*Reversed and remanded.*