### McLENDON v. STATE. (No. 9318.)

(Court of Criminal Appeals of Texas. June 17, 1925.)

**1. Criminal law ⬠351(3)—Admission of evidence to show flight held not error.**

In prosecution for possession of liquors for purpose of sale, admission of testimony of sheriff that he arrested accused in Texas, but that accused gave bond, and thereafter accused was arrested in California and brought back to Texas, for purpose of showing flight, *held* not error, especially in view of accused's admission on cross-examination that he decided prosecution was a frame-up and attempted to get away, and would do so again under similar circumstances.

**2. Criminal law ⬠1169(3)—In prosecution for possession of liquor for purpose of sale, admission of evidence of extraneous offenses held not error.**

In prosecution for possession of liquor for purpose of sale, admission of testimony of extraneous offenses *held* not error, in view of accused's voluntary statement to grand jury that he was selling whisky.

---

**3. Criminal law ⬡371(10)—Evidence of extraneous sales of liquor held admissible on question of intent, in prosecution for possessing liquor for purpose of sale.**

In prosecution for possessing liquor for purpose of sale, based on liquor found in accused's room under a counter and elsewhere in the room, testimony of witness that he purchased whisky from accused, and saw another person purchase it from him, *held* admissible on the question of intent.

**4. Criminal law ⬡371(10)—Evidence of extraneous sales to others held admissible in prosecution for possession of liquor for purpose of sale.**

In prosecution for possession of intoxicating liquors for purpose of sale, testimony of witness that on another occasion he had bought some whisky from accused, and that he also saw another person purchase whisky from him, *held* admissible to show possession of whisky was for purpose of sale.

Commissioners' Decision.

Appeal from District Court, Orange County; V. H. Stark, Judge.

W. A. McLendon was convicted of unlawfully having intoxicating liquors in his possession for the purpose of sale, and he appeals. Affirmed.

Lamar Hart, of Beaumont, for appellant.

Tom Garrard, State's Atty., and Grover C. Morris, Asst. State's Atty., both of Austin, for the State.

BAKER, J. The appellant was tried and convicted in the district court of Orange county for unlawfully having in his possession for the purpose of sale intoxicating liquor, and his punishment assessed at one year's confinement in the penitentiary.

We are not favored with a brief in this case, and the record discloses only two bills of exception urged by the appellant as a reason for reversal.

[1] Bill No. 1 complains of the action of the court in permitting the sheriff to testify that he arrested the defendant in Orange county first, and he made bond, and thereafter an alias capias was placed in his hands, and he had him arrested in California, and brought him back to Texas. The state evidently introduced this testimony for the purpose of showing flight, and we fail to see any error in the court's admitting the same. The defendant as a witness in his own behalf upon cross-examination testified that he decided it was a frame-up in this case on him, and he attempted to get away, and would do so again under similar circumstances. There could not possibly be any error in any manner committed, in view of said testimony and the admission so made by the appellant without any objections thereto.

[2-4] Bill of exception No. 2 complains of the action of the court in permitting the witness Mansfield to testify to having purchased whisky from appellant and to having seen a drummer purchase whisky from him, because it is contended that it was proving extraneous offenses not connected with this case. The testimony of the sheriff and his deputy discloses that, when they raided the premises of the appellant, the deputy found in one of the back rooms a couple of jugs of whisky, and the sheriff found in the room where the appellant was sitting a full bottle of whisky under the counter, and the appellant denied having any knowledge of the whisky found by the deputy sheriff, but did not deny having the bottle found by the sheriff, and furthermore the record discloses that the appellant voluntarily went before the grand jury, and, after being duly warned admitted that he was selling whisky, and stated that he did not think it was any harm; that he was crippled and getting old; and that was the only way he had of making money. Under this phase of the case there could be no error in the admission of said testimony. This evidence, however, was clearly admissible on the question of intent, as shown by the following cases: Atwood v. State, 96 Tex. Cr. R. 249, 257 S. W. 563; Deshazo v. State, 97 Tex. Cr. R. 490, 262 S. W. 764; Griggs v. State (Tex. Cr. App.) 268 S. W. 940. Under the decisions supra the testimony was also admissible upon the part of the state to show the possession of said whisky was for the purpose of sale.

We have examined the entire record, and fail to find any error in the trial of said cause, and are of the opinion that the judgment of the trial court should be affirmed, and it is accordingly so ordered.

PER CURIAM. The foregoing opinion of the Commission of Appeals has been examined by the judges of the Court of Criminal Appeals and approved by the court.

⬡For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes