## ROY BROOKS V. THE STATE.

No. 20823.   Delivered March 6, 1940.

The opinion states the case.

*Greenwood & Reeves,* of Palestine, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

HAWKINS, Presiding Judge.

Conviction is for possessing for the purpose of sale in dry area an alcoholic beverage containing alcohol in excess of 1/2 of one per cent by volume, and not more than 4% by weight, punishment assessed being a fine of $150.00.

The State, through our State's Attorney, suggests that perhaps the State's pleading is defective in omitting to allege the publication of the result of the prohibition election in Anderson County upon which reliance is had to support the claim that said county is dry territory. Appellant did not seek to quash the complaint and information because of said omission but insists that the State's case falls by reason of a failure to prove publication of the result of said election.

In view of the averments in the complaint and information we are of opinion that both the State and appellant are not supported in their positions.

Of course, it has been held many times that local option does not become effective until the order declaring the result of the election therefor has been published as required by the statute. See Branch's Ann. Tex. P. C., Sec. 1232, p. 696; Watson v. State, 135 Tex. Cr. R. 632, 122 S. W. (2d) 311 and cases therein cited; Sweeten v. State, 135 Tex. Cr. R. 445, 120 S. W. (2d) 1074 and cases therein cited. It has been held even in cases where the publication of the result of an election as declared by the Commissioners' Court has been enjoined

by court proceedings that the publication must still be made when the injunction is dissolved. Griffin v. State, 87 S. W. 155; Ex parte Brown 34 S. W. 131. It will be observed that in the character of cases last mentioned as well as the others referred to the State relies on the orders and publications of the Commissioners' Court, which are controlled by the statute, and therein lies the difference between those cases and the one now before us.

It is alleged in the State's pleading that Anderson County was "dry area" by reason of a valid prohibition election held in said county in July, 1913; that upon a canvass of the returns of said election the Commissioners' Court declared the result to be *against* prohibition; that upon a contest of said election duly tried in the District Court it was adjudged that said election had resulted in favor of prohibition. The judgment of the District Court is set out in the State's pleading, and shows that the State is relying on that judgment, and not upon the declaration of the result by the Commissioners' Court. It is true the judgment recites that the clerk of the District Court is directed to select a paper and make publication of the judgment for four successive weeks. There is no proof that such publication was made. We regard that as immaterial. The notice would have apprised those interested in the matter, but there was no statute requiring notice of the judgment of the District Court to be published, and notice was not a prerequisite in making effective the judgment of said court. The judgment itself was notice to the world, as it was very properly held to be in Bickers v. Lacy, 134 S. W. 763. We copy from the opinion in said case the following:

"The case of Chenowith v. State, 50 Tex. Cr. R. 238, 96 S. W. 19, and others cited by appellant, holding that a local option prohibition law does not go into effect until the county judge has caused publication of the result of the election as prescribed by the article before cited, are cases in which the commissioners' court had declared the result of the election to be in favor of prohibition, and not cases in which that result was declared by a judgment of a district court in a contest proceeding brought for that purpose. An election contest is a proceeding in rem, and a judgment in such proceeding is binding and conclusive upon all the world. Evans v. State, 55 Tex. Cr. R. 450, 117 S. W. 167.

"Such being the character of the contest proceeding, all persons are charged with notice of the judgment therein rendered, and therefore no publication of said judgment is deemed

necessary, and none is required by the statute. It may be that the district court had no authority to order the publication of the judgment, but such order in no way affected the validity of the judgment declaring that prohibition carried in such election. The judgment was effective without any publication, and not having been appealed from or set aside, but being in full force and effect, the local option prohibition law against the sale of intoxicating liquor thereby became operative in Leon County * * *."

It follows from what has been said that under the circumstances mentioned it was neither necessary to allege nor prove the publication of the result of said election.

Complaint is brought forward in bills of exception numbers two and three at receiving in evidence the result of a search of appellant's premises upon the ground that the search warrant was not introduced in evidence. It would have been improper for the State to have introduced before the jury the search warrant. No complaint is made charging that the affidavit for the search warrant was insufficient or that the warrant itself was irregular.

Bills of exception six and seven present errors which demand a reversal of the judgment. Said bills reveal that over objection of appellant the State introduced in evidence the complaint and information in causes Nos. 9348, 9356 and 9418, which charged appellant with possessing beer for the purpose of sale in Anderson County on August 23, 1938, and with the same offense on September 8, 1938, and with maintaining on February 7, 1939, a common nuisance in that he maintained a house in said county where intoxicating liquor was sold without a permit from the Texas Liquor Control Board. It appears from the judgment entered that the two first named cases were consolidated and by agreement a judgment was entered on November 16, 1938, convicting appellant of maintaining a common nuisance, and that a similar judgment was entered on April 4, 1939, in cause No. 9418. These judgments were likewise introduced over objection of appellant. The objections urged were that the complaints, informations and judgments related to transactions which were separate and distinct from the transactions for which appellant was presently on trial, the charge in this proceeding being that appellant possessed for the purpose of sale an alcoholic beverage on *May 20, 1939*.

It has been held that where one was on trial for possessing intoxicating liquor for the purpose of sale, it was admissible

on the question of intent or purpose to prove sales of such liquor at times not too remote. See Atwood v. State, 96 Tex. Cr. R. 249, 257 S. W. 563; DeShazo v. State, 97 Tex. Cr. R. 490, 262 S. W. 764; Griggs v. State, 99 Tex. Cr. R. 215, 268 S. W. 940; McLendon v. State, 101 Tex. Cr. R. 128, 274 S. W. 159; Moreno v. State, 122 Tex. Cr. R. 178, 54 S. W. (2d) 509. Further than as indicated this court has not gone. To sanction the evidence of the charges and judgments objected to would in our opinion violate the general rule against proof of other offenses unless they fall within some of the exceptions. See Branch's Ann. Tex. P. C., Sec. 166 for collation of many authorities. In Weatherred v. State, 100 Tex. Cr. R. 199, 272 S. W. 471, appears the following very pointed and true statement of the principle here violated. "No principle is better understood than that proof of the connection of A with a given crime cannot be made by proof of the fact that at a prior date he did a similar thing." The question under consideration was thoroughly discussed and many authorities were reviewed in Lawrence v. State, 128 Tex. Cr. R. 417, 82 S. W. (2d) 647. Nothing can be added to what was there said.

The purpose accomplished by introducing the evidence objected to was to lay a predicate for the jury to reach the conclusion, and perhaps support an argument to the same effect,—that because appellant on former occasions had been convicted of practically the same offense as presently charged he was therefore guilty of the offense charged in the present complaint and information.

For the error committed in receiving in evidence the judgments and pleadings in the former cases the judgment must be reversed and the cause remanded, and it is so ordered.