**ADAMS v. STATE.**

No. 25314.

Court of Criminal Appeals of Texas.

June 20, 1951.

Paul W. Anderson, Marshall, for appellant.

George P. Blackburn, State's Atty., of Austin, for the State.

WOODLEY, Commissioner.

Appellant was charged by complaint and information with the offense of possessing untaxed whiskey. Without a lawyer, he appeared before the county judge and entered a plea of guilty, and his punishment was assessed at thirty days in jail and a fine of $100.

Apparently being dissatisfied with the punishment assessed because of the jail sentence feature, appellant seems to have availed himself of an attorney, filed a motion for new trial, and gave notice of appeal when the motion was overruled.

The sole question for determination by this court is that raised by the amended motion for new trial wherein it is alleged that appellant was unduly coerced into entering his plea of guilty.

The trial court heard evidence on the motion for new trial, consisting of testimony of appellant and of the arresting officer, and overruled the motion. However, the trial judge has approved, without qualification, two bills of exception wherein he certifies: (1) "that the defendant was unduly influenced by an official, namely Mr. C. C. Rippy, the arresting officer;" (2) that "the court erred in refusing to grant the defendant a new trial because said defendant was unduly influenced to enter his plea of guilty;" (3) that "it appears that the arresting officer used the Federal Court as an instrument of fear to compel

the defendant to enter his plea of guilty in the county court;" and (4) that in view of the facts stated in the bill "the court erred in refusing to grant the defendant a new trial because said defendant was unduly influenced by fear and coercion to enter his plea of guilty."

Each of these bills of exception certifies error and they are not contradicted by anything in the record. There is no conclusion for us to reach other than that the judgment of the trial court should be reversed and the same is accordingly done.

Opinion approved by the Court.