## L. J. TAYLOR V. STATE

No. 25368. October 10, 1951.
Rehearing Denied November 14, 1951.

Hon. C. L. McIver, Judge Presiding.

Bennett & Bennett, by *Mac L. Bennett, Jr.* of Counsel, Normangee, for appellant.

*George P. Blackburn,* State's Attorney, Austin, for the state.

ON STATE'S MOTION FOR REHEARING

MORRISON, Judge.

On the original submission we reversed the conviction and ordered the prosecution dismissed because we thought we had detected a fatal defect in the information. This was based upon the absence of an allegation therein that the clerk of the district court of Leon County had published the judgment of said court in prohibition election contest case which determined the dry status of the area involved.

This holding was predicated upon numerous authorities holding the act of publication by the commissioners' court of the results of a prohibition election to be a requisite allegation in an information charging liquor law violations.

Our attention is now called to Bickers v. Lacy, (Texas Civ. App.) 134 S.W. 763, and Brooks v. State, 138 Tex. Cr. R. 526, 137 S.W. (2d) 768, both of which hold that the judgment of a district court in a prohibition election contest is itself notice to the world, and further call attention to the fact that there is no statutory requirement that the same be published.

Finding ourselves in error in the original opinion the same is now withdrawn. The state's motion for rehearing is granted, and the judgment is affirmed.

ON APPELLANT'S MOTION FOR REHEARING

GRAVES, Presiding Judge.

Appellant contends that the case of Adams v. State, 241 S.W. (2d) 150, is here controlling and that his cause should be reversed because the trial court certifies in the bills of exception herein that such court was in error.

In the Adams case, we find laid down the proposition that although there may be a certification of error by the trial court in a bill of exception, nevertheless, such being a mere conclusion upon the part of the trial court, this court will look to the whole record, and if therein be found a contradiction of such certification, such could be utilized in a disposition of the matter.

The motion for rehearing is overruled.