Bennett & Bennett, by Mac L. Bennett, Jr., Normangee, for appellant.

George P. Blackburn, State's Atty., of Austin, for the State.

MORRISON, Judge.

On the original submission we reversed the conviction and ordered the prosecution dismissed because we thought we had detected a fatal defect in the information. This was based upon the absence of an allegation therein that the clerk of the District Court of Leon County had published the judgment of said court in a prohibition election contest case which determined the dry status of the area involved.

This holding was predicated upon numerous authorities holding the act of publication by the Commissioners' Court of the results of a prohibition election to be a requisite allegation in an information charging liquor law violations.

Our attention is now called to Bickers v. Lacy, Tex.Civ.App., 134 S.W. 763, and Brooks v. State, 138 Tex.Cr.R. 526, 137 S.W.2d 768, which both hold that the judgment of a district court in a prohibition election contest is itself notice to the world, and further call attention to the fact that there is no statutory requirement that the same be published.

■ Finding ourselves in error in the original opinion the same is now withdrawn. The State's motion for rehearing is granted, and the judgment is affirmed.

On Motion for Rehearing.

GRAVES, Presiding Judge.

Appellant contends that the case of Adams v. State, Tex.Cr.App., 241 S.W.2d 150, is here controlling and that his cause should be reversed because the trial court certifies in the bills of exception herein that such court was in error.

■ In the Adams case, we find laid down the proposition that although there may be a certification of error by the trial court in a bill of exception, nevertheless, such being a mere conclusion upon the part of the trial court, this court will look to the whole record, and if therein be found a contradiction of such certification, such could be utilized in a disposition of the matter.

The motion for rehearing is overruled.

**L. J. TAYLOR, Appellant v. The STATE of Texas, Appellee**
**(two cases).**

Nos. 25369, 25370.

Court of Criminal Appeals of Texas.

Oct. 10, 1951.

Rehearing Denied Nov. 14, 1951.

Bennett & Bennett by Mac L. Bennett, Jr., Normangee, for appellant.

George P. Blackburn, State's Atty., of Austin, for the State.

MORRISON, Judge.

The question herein submitted is identical with that presented in Taylor v. State, Tex.Cr.App., 243 S.W.2d 582.

For the reasons therein stated the State's motion for rehearing is granted, the original opinion withdrawn, the judgment of reversal and dismissal is set aside, and the judgment is now affirmed.

On Motion for Rehearing.

GRAVES, Presiding Judge.

The same proposition confronts us as is raised in Taylor v. State, Tex.Cr.App., 243 S.W.2d 582, and in conformity with our reasoning in that case, this motion for a rehearing is overruled.