JACK BENNY SEARCY V. STATE.

No. 25715. April 2, 1952.

Hon. Walter S. Pope, Jr., Judge Presiding.

*Archer, Bryant & Overshiner,* by *A. R. Archer, Jr.,* Abilene, for appellant.

*George P. Blackburn,* State's Attorney, Austin, for the state.

ON MOTION FOR REHEARING.

MORRISON, Judge.

Our original opinion herein is withdrawn, and the following substituted in lieu thereof.

The offense is the possession of whiskey for the purpose of sale in a dry area; the punishment, a fine of $400.

Appellant plead guilty on the day of his arrest, and his punishment was assessed by the court.

In his motion for new trial, appellant alleges that he was induced to plead guilty by the representation of the arresting officer, a liquor control agent, who promised appellant that if he plead guilty, they would not confiscate his automobile. On the hearing on the motion for new trial, the officer testified that he had told appellant, "Well, if you plead guilty, we won't take your car from you." Appellant does not contend that he in fact was not guilty of the offense charged. He testified, on the motion for new trial, that the officers found two cases of whiskey in his car and offered no explanation of the purpose for which he possessed it. We have carefully examined the testimony of the appellant, given at such hearing, and find nothing therein showing that the statement of the officer set forth above in any way caused, or contributed to cause, appellant to plead

guilty. He alone knew why he plead guilty; and when he failed to say that the officer's statement caused him to plead as he did, we cannot presume that it had any influence upon him.

This case is readily distinguishable from our recent decision in Adams v. State, 241 S. W. (2d) 150, wherein appellant testified that he had plead guilty *because* the officer threatened to take him to the Federal court if he did not do so.

We find that the trial court did not abuse his discretion in overruling appellant's motion for new trial.

The judgment is affirmed.