# NOVEMBER, 1924.

### CURT GRIGGS v. THE STATE.

No. 8352. Delivered November 12, 1924.

Rehearing denied Feb. 25, 1925.

**1.—Possessing Intoxicating Liquor—Charge of Court—On Accomplice—Properly Refused.**

Where on a trial for possession of intoxicating liquor, the court properly refused to instruct the jury in regard to accomplice testimony. There is no evidence in the record which would authorize the court to charge that the w|itnesses Clara Patton, and Mrs. Torrence were accomplices. They occupied the same attitude in this case as witnesses, *held* not to be accomplices, in Kilker v. State, 95 Tex. Crim. App. 415.

**2.—Same—Bill of Exception—Multifarious—Not Considered.**

Where a bill of exception contains more than three pages setting forth the lengthy examination of a witness, interspersed here and there by various and sundry objections, such bill is clearly multifarious and cannot be considered.

**3.—Same—Evidence—of Numerous Sales—Admissible.**

Where on a trial for the possession of intoxicating liquor for the purpose of sale, it was not error to admit proof of numerous sales. This court has

many times *held* that upon the trial of one so charged, proof of the making of sales of liquor, at or about the time laid in the indictment, is material in establishing one of the elements of the offense, and it was not necessary for the court to have limited the testimony introduced showing such sales of liquor by appellant.

## ON REHEARING.

### 4.—Same —Bill of Exception—Bystanders' Bill—Not Sufficient.

Where a bystanders' bill of exception is presented, it must clearly appear that it is identical with the bill presented to and refused by the trial court. It is always *held* to be a necessary predicate to induce consideration of a bystanders' bill that it be shown that such bill was presented to the trial court, . and by him refused. There is no such showing in this record, it clearly appearing to the contrary, and for that reason it will not be considered, nor will the certiorari be granted, requiring that it be made a part of the transcript.

Appeal from the District Court of Jefferson County. Tried below before the Hon. Geo. C. O'Brien, Judge.

Appeal from a conviction of possessing intoxicating liquor for purposes of sale; penalty, three years in the penitentiary.

The opinion states the case.

*Howth, Adams, O'Fiel & Hart,* and *Jno. T. Kitching,* for appellant.

*Tom Garrard,* State's Attorney, and *Grover C. Morris,* Assistant State's Attorney, for the State.

LATTIMORE, Judge.—Appellant was convicted in the District Court of Jefferson County of possessing intoxicating liquor for· purposes of sale, and his punishment fixed at three years in the penitentiary.

The statement of facts reveals a case amply justifying the conclusion of guilt reached if the jury believed the testimony of the State witnesses. There are three bills of exception. One of them complains of the refusal of the learned trial judge to instruct the jury in regard to accomplice testimony. We have found nothing in the record leading us to believe that State witnesses Clara Patton and Mrs. Torrence were accomplices. They occupied the same attitude in this case as witnesses held not accomplices in Kilker v. State, 95 Texas Crim. Rep., 415. The second bill of exceptions contains more than three pages setting forth the lengthy examination of a witness, interspersed here and there by statement of various and sundry objections. The bill is clearly multifarious, and cannot be considered by us.

The remaining bill of exceptions presents appellant's complaint of the overruling of his objections to the charge of the court. Said objections were based on the failure of the court to charge on accomplice testimony, and the refusal to give a peremptory instruc-

tion, and because the court did not give a proper charge respecting the commission of other alleged offenses testified to during the trial, and also upon the proposition that the charge was on°the weight of the evidence. The charge upon which appellant was convicted was the unlawful possession of liquor for purposes of sale. This court has held many times that upon the trial of one so charged, proof of the making of sales of liquor at or about the time laid in the in-dictment, is material as establishing one of the elements of the offense, and it was not necessary for the court to have limited the testimony introduced showing such sales of liquor by appellant.

There appears in the record a special charge, the refusal of which is not complained of by any bill of exceptions, nor is there any notation of an exception thereon. The only other special charge was one asking that the jury be told that Miss Patton and Mrs. Torrence were accomplices.

No error appearing in the record, the judgment will be affirmed.

*Affirmed.*

### ON MOTION FOR REHEARING.

LATTIMORE, JUDGE.—Appellant seeks in conjunction with his motion for rehearing, a writ of certiorari to compel the placing in the transcript on appeal of a bill of exceptions which seems to have been omitted, and which is presented as a bystanders' bill. Accompanying the motion is a copy of the bill and the affidavit of appellant, and we have examined said bill in order to determine whether we should grant the certiorari. As part of the motion and application for certiorari, and in order to show that the bill of exceptions referred to had been refused by the trial court, the bill of exceptions which was presented to the court below and which was returned to appellant's counsel with a letter from the trial court giving his reasons for not approving it, is attached to and made a part of the application. The supposed bystanders' bill which we are asked now to have incorporated in the transcript, is also attached. Comparison of the bill of exceptions which was presented to the court and by him refused, and the bystanders' bill which was thereafter prepared and attached by three bystanders, makes it perfectly apparent that the two are not identical either in form or in substance. It is always held to be a necessary predicate to induce consideration of a bystanders' bill that it be shown that such bill was presented to the trial court and by him refused. There is no such showing in the application for certiorari or in the record. If the bill, now certified as a bystanders' bill, had been presented to the court below for his approval, we have no means of knowing that he would not have approved it. It is not the correct

practice, nor can we uphold it in this case, to prepare and here present as a bystanders' bill, that which is not the bill presented to the trial coårt. For the reason that the alleged bystanders' bill is materially different from the one appearing to have been presented to the court below for his approval and which was refused, we are not at liberty to consider it, nor to grant the certiorari requiring that it be made a part of the transcript.

The other matters in appellant's motion for rehearing have been considered and none of them are deemed sufficient to call for the granting of same.

The motion for rehearing will be overruled.

*Overruled.*