### GRIGGS v. STATE. (No. 8352.)

(Court of Criminal Appeals of Texas. Nov. 12, 1924. Rehearing Denied Feb. 25, 1925.)

1. **Criminal law ⬄1091(1)—Multifarious bill of exceptions not considered.**

Bill of exceptions, setting forth lengthy examination of witness, interspersed by statement of various and sundry objections, being multifarious, will not be considered.

2. **Criminal law ⬄369(6) — Proof of other sales of liquor at or about time of offense charged, material.**

In prosecution for possessing intoxicating liquor for purpose of sale, proof of sales of liquor at or about time laid in indictment *held* material.

On Motion for Rehearing.

3. **Criminal law ⬄1092(12) — Certiorari to compel incorporation into transcript of bill of exceptions, refused below, not granted.**

Certiorari to compel incorporation into transcript of bill of exceptions refused by trial court, presented as bystanders' bill, was not granted, where bill so presented was materially different in form and substance from the one refused by trial court.

Appeal from District Court, Jefferson County; George C. O'Brien, Judge.

Curt Griggs was convicted of possessing intoxicating liquor for purpose of sale, and he appeals. Affirmed.

Howth, Adams, O'Fiel & Hart and John T. Kitching, all of Beaumont, for appellant.

Tom Garrard, State's Atty., and Grover C. Morris, Asst. State's Atty., both of Austin, for the State.

LATTIMORE, J. Appellant was convicted in the district court of Jefferson county of possessing intoxicating liquor for purposes of sale, and his punishment fixed at three years in the penitentiary.

The statement of facts reveals a case amply justifying the conclusion of guilt reached if the jury believed the testimony of the state witnesses. There are three bills of exceptions. One of them complains of the refusal of the learned trial judge to instruct the jury in regard to accomplice testimony. We have found nothing in the record leading us to believe that state witnesses Clara Patton and Mrs. Torrence were accomplices. They occupied the same attitude in this case as witnesses held not accomplices in Kilker v. State, 95 Tex. Cr. R. 415, 254 S. W. 971.

[1] The second bill of exceptions contains more than three pages setting forth the lengthy examination of a witness, interspersed here and there by statement of various and sundry objections. The bill is clearly multifarious and cannot be considered by us.

[2] The remaining bill of exceptions presents appellant's complaint of the overruling of his objections to the charge of the court. Said objections were based on the failure of the court to charge on accomplice testimony and the refusal to give a peremptory instruction, and because the court did not give a proper charge respecting the commission of other alleged offenses testified to during the trial, and also upon the proposition that the charge was on the weight of the evidence. The charge upon which appellant was convicted was the unlawful possession of liquor for purposes of sale. This court has held many times that upon the trial of one so charged, proof of the making or sales of liquor at or about the time laid in the indictment is material as establishing one of the elements of the offense, and it was not necessary for the court to have limited the testimony introduced showing such sales of liquor by appellant.

There appears in the record a special charge the refusal of which is not complained of by any bill of exceptions, nor is there any notation of an exception thereon. The only other special charge was one asking that the jury be told that Miss Patton and Mrs. Torrence were accomplices.

No error appearing in the record, the judgment will be affirmed.

### On Motion for Rehearing.

[3] Appellant seeks, in conjunction with his motion for rehearing, a writ of certiorari to compel the placing in the transcript on appeal of a bill of exceptions which seems to have been omitted, and which is presented as a bystanders' bill. Accompanying the motion is a copy of the bill and the affidavit of appellant, and we have examined said bill

in order to determine whether we should grant the certiorari. As part of the motion and application for certiorari, and in order to show that the bill of exceptions referred to had been refused by the trial court, the bill of exceptions which was presented to the court below, and which was returned to appellant's counsel with a letter from the trial court giving his reasons for not approving it, is attached to and made a part of the application. The supposed bystanders' bill which we are asked now to have incorporated in the transcript is also attached. Comparison of the bill of exceptions which was presented to the court and by him refused, and the bystanders' bill which was thereafter prepared and attested by three bystanders, makes it perfectly apparent that the two are not identical either in form or in substance. It is always held to be necessary predicate to induce consideration of a bystanders' bill that it be shown that such bill was presented to the trial court and by him refused. There is no such showing in the application for certiorari or in the record. If the bill, now certified as a bystanders' bill, had been presented to the court below for his approval, we have no means of knowing that he would not have approved it. It is not the correct practice, nor can we uphold it in this case, to prepare and here present, as a bystanders' bill, that which is not the bill presented to the trial court. For the reason that the alleged bystanders' bill is materially different from the one appearing to have been presented to the court below for his approval and which was refused, we are not at liberty to consider it, nor to grant the certiorari requiring that it be made a part of the transcript.

The other matters in appellant's motion for rehearing have been considered, and none of them are deemed sufficient to call for the granting of same.

The motion for rehearing will be overruled.