# FEBRUARY, 1925.

Ben Smith v. The State.

No. 8562. Delivered February 4, 1925.

Rehearing denied May 20, 1925.

1.—Selling Intoxicating Liquor—Continuance—Properly Refused.

Where a motion for a continuance, sets out facts expected to be proven by a witness, which are at variance with the testimony of appellant given by him in his own behalf on the trial, no error is presented in the refusal to grant him the continuance.

2.—Same—Motion for New Trial—Absence of Witnesses—Practice.

Where in a motion for a new trial because of the refusal of a continuance to secure the attendance of absent witnesses, the new trial should not be granted when not supported by the affidavit of such witness, nor for witnesses to be used for purposes of impeachment alone, when no predicate for impeachment has been laid.

Appeal from the District Court of Stonewall County. Tried below before the Hon. W. R. Chapman, Judge.

Appeal from a conviction for the unlawful sale of intoxicating liquor; penalty, three years in the penitentiary.

The opinion states the case.

*C. P. Chastain,* for appellant.

*Tom Garrard,* State's Attorney, and *Grover C. Morris,* Assistant State's Attorney, for the State.

MORROW, PRESIDING JUDGE.—The unlawful sale of intoxicating liquor is the offense; punishment fixed at confinement in the penitentiary for a period of three years.

The witness Clark testified that he went to the home of the appellant and purchased him two quarts ·of corn whiskey for which he paid him either five or six dollars.

The witness Dodson testified that he saw Clark at the time of the transaction in question and that he appeared to have been drinking. He heard him ask the appellant if he had any whiskey, or say to him that he (Clark) wanted to buy some whiskey. The witness saw them go the lot together and saw appellant come back later with a check which he said Clark had given him for the whiskey. The witness saw the check. He could not read it as he was not good at reading. Appellant did not say that he had sold any whiskey to Clark but said that he gave him some whiskey; that Clark wanted to pay for it but he would not take the money; that his reason for taking the check was that Clark said he wanted to pay wherever he went.

The indictment was filed October 10, 1923. The case was tried on the 23rd of that month. A motion for a continuance was filed and overruled on the day that the trial began. It contained an averment that on the 16th day of October, the issuance of a subpoena had been requested to Dawson and Jones Counties for the witness D. F. Dye and on the 17th of October for the wife of the appellant. By his wife he expected to prove that she was at the home of appellant at the time that the witness Clark arrived; that he had been drinking and "she knew that the defendant did not sell him intoxicating liquors." Her home was at Aspermont in Stonewall County. Subpoena was served on her on the 19th of October. On the 20th of that month she went to Abilene in Jones County, intending to return in time for the trial, but according to the telegram received by the appellant from another person, she was detained on account of the illness of her son whom she was visiting in Abilene.

According to the testimony of the appellant developed upon the trial, the transaction with Clark did not take place at the house but at a lumber pile about a hundred yards or more from his house; that his wife did not go to the place where Clark got the whiskey. Quoting the appellant, he said:

"I told him to help himself. I· had to go back to the house. My boy was awfully sick and I needed to be at the house. My boy had pneumonia. Mr. O'Neal had the flu."

Appellant's testimony seems to have been at variance with the averment in the motion that his wife was present at the interview between himself and Clark, or at least, at the time the whiskey was gotten. Clark testified that he did not remember whether he paid the appellant with money or with a check. Appellant also testified that when Clark came to his house, he had been drinking; that appellant was in the yard cutting wood. Clark asked him if he had something to drink. Appellant told him he had some whiskey down at the lot. They went ·to the lot and after taking several drinks, Clark said he wanted a little for 'Christmas. Appellant said he would let him have it. From the appellant's testimony we quote:

"By that time the old man was pretty drunk. He says, 'I want to pay you for it.' I says, 'No, I don't want no pay for it.' I says, 'Just help yourself', and the old man says, 'No, I am going to pay you', and he got out his check book and scribbled a check that I couldn't read and my wife couldn't read; I just done that to satisfy the old man. I didn't want him to pay for the whiskey. I done that just to satisfy him. . . . I didn't want the old man there drinking and carousing around and cutting up because I necessarily needed to be at the house. I destroyed that check; I never collected it. I told him I wouldn't sell him any whiskey."

The motion for new trial is not supported by the affidavit of either the witness Dye or the appellant's wife. Dye's testimony was wholly impeaching in its nature, and the record shows no predicate laid for impeaching Clark.

It is to be noted that the indictment was filed on the 10th of October. Subpoena was issued for the appellant's wife on the 17th and served on the 19th of the month. The case was set for the 23rd. Appellant's wife went to Abilene on the 20th. According to the motion, appellant was informed that she was detained by the illness of her son. This information seems to have come to him from a telegram. No verification of the cause of the detention is attached to the motion, and we think the record is not such as to warrant the holding that in overruling the motion, the learned trial judge abused his discretion.

The judgment is affirmed.

*Affirmed.*

### ON MOTION FOR REHEARING.

HAWKINS, Judge.—In oral argument defendant urges that we were in error in sustaining the lower court in denying continuance based on the absence of defendant's wife. That must be determined

from the application for continuance in the light of the facts proven on the trial. The only thing claimed in the application that the wife would have sworn to was that "prosecuting witness was drinking and that she knew defendant did not sell him intoxicating liquor." Further on in the application it is averred that defendant tore up a check in his wife's presence, but nowhere is it alleged that the wife would swear to that fact nor to any other relative to the check.

The motion for rehearing is overruled.

*Overruled.*