LATTIMORE, Judge.
 

 Appellant was convicted in the district court of Bowie County of selling intoxicating liquor, and his punishment fixed at three years in the penitentiary.
 

 Ben Nelson testified that about December 30, 1923, he bought from appellant a drink called “gick”, an intoxicating liquor which appellant poured for him out of a jug. He was corroborated by another witness. They said the liquor was sold and delivered to them in the back room of appellant’s drug store. Appellant denied the transaction in toto and used a number of witnesses who claimed to have been in the drug store at the time, and swore that appellant did not go to the rear with Nelson at all.
 

 The State was allowed over objection to prove by Nelson that on a dozen or more nrior occasions appellant had sold him the same kind of intoxicant. The bill complaining of this matter is approved with a qualification by the learned trial judge that this was admitted for the purpose of showing svstem. In Long’s case, 39 Texas Crim. Rep. 537. appears this court’s rejection of the doctrine that the State might prove separate similar crimes against the accused, on the theory of system, unless same appeared necessary to rebut a claim of good faith, lack of evil intent, etc. The books are full of similar holdings. The matter was erroneous. What we have just said applies also to the complaints appearing in bills Nos. 13,14, 15, and 16.
 

 The refusal of a continuance becomes of no moment in view of the necessary reversal of the case for the reasons above-mentioned.
 

 The defense having attacked the prosecuting witness on cross- ■ examination by asking him various questions as to whether he had been charged and convicted for other offenses, made it permissible
 
 *693
 
 for the State on redirect examination to show by said witness that he had never been charged or indicted for any offense.
 

 Proof that at the same time and place as that herein charged appellant sold to a companion of the prosecuting witness, a drink of the same character as that claimed to have been sold to the prosecutor.— and that- it affected his head and Baade him dizzy, was properly received. Proof of conviction for selling or possessing Jamaica ginger in the Federal court and his consequent confinement in jail therefor, was permissible against appellant who took the stand as a witness in his own behalf. There was no showing by him of any kind that such conviction was not for a felony. He who objects to a proceeding in the trial court must make the record speak the validity of his objection, else the appellate courts uphold the action of the court below.
 

 Appellant asked a charge that denatured alcohol might legally be sold even if intoxicating, provided it be sold for medicinal, scientific or mechanical purposes. There was no testimony in this ease calling for such a charge.
 

 For the reasons above mentioned the judgment of the trial court will be reversed and the cause remanded.
 

 Reversed and remanded.