### W. A. McCLENDON v. THE STATE.

No. 9318.    Delivered June 17, 1925.

**1.—Possessing Intoxicating Liquor—Evidence—Flight of Defendant—Properly Admitted.**

Where on a trial for possession of intoxicating liquor for the purpose of sale, the court permitted the state to show that after his arrest and making of bond, the defendant fied the state, and was rearrested in California, such fact being admitted by appellant while testifying in his own behalf, no error is shown.

**2.—Same—Evidence—Of Sale—Properly Admitted.**

Where on a trial for possession of intoxicating liquor for purpose of sale, it was proper to permit a state witness to testify that he had bought whisky from appellant and had seen him sell whisky to a drummer, such testimony being properly admissible on the question of intent. Following Atwood v. State, 257 S. W. 563 and other cases cited.

Appeal from the District Court of Orange County. Tried below before the Hon. V. H. Stark, Judge.

Appeal from a conviction for possession of intoxicating liquor, for purposes of sale; penalty, one year in the state penitentiary.

The opinion states the case.

*Lamar Hart,* for appellant.

*Tom Garrard,* State's Attorney, and *Grover C. Morris,* Assistant State's Attorney, for the State.

BERRY, JUDGE.—The appellant was tried and convicted in the district court of Orange County for unlawfully having in his possession for the purpose of sale intoxicating liquor and his punishment assessed at one year's confinement in the penitentiary.

We are not favored with a brief in this case and the record discloses only two bills of exception urged by the appellant as a reason for reversal.

Bill No. 1 complains of the action of the court in permitting the ·sheriff to testify that he arrested the defendant in Orange County first and he made bond and thereafter an alias capias was placed in his hands and he had him arrested in California and brought him back to Texas. The state evidently introduced this testimony for the purpose of showing flight and we fail to see any error in the court's admitting same. The defendant as a· witness in his own behalf upon cross-examination testified that he decided it was· a frame up in this case on him and he attempted to get away and would do so again under similar circumstances. There could not possibly be any error in any manner committed in view of said testimony and the admission so made by the appellant without any objections thereto.

Bill of exception No. 2, complains of the action of the court in permitting the witness Mansfield to testify to having purchased whiskey from appellan and to having seen a drummer purchase whiskey from him, because it is contended that it was proving extraneous offenses not connected with this case. The testimony of the sheriff and his deputy discloses that when they raided the premises of the appellant that the deputy found in one of the back rooms a couple of jugs of whiskey and the sheriff found in the room where the appellant was sitting a full bottle of whiskey under the counter, and the appellant denied having any knowledge of the whiskey found by the deputy sheriff but did not deny having the bottle found by sheriff and furthermore the record discloses that the appellant voluntarily went before the grand jury and after being duly warned admitted that he was selling whiskey and stated that he didn't think that it was any harm that he was crippled and getting old and that was the only way he had of making money. Under this phase of the case, there could be no error in the admission of said testimony. This evidence however, was clearly admissible on the question of intent, as shown by the following cases:—Atwood v. State, 257 S. W. 563. Deshazo v. State, 262 S. W. 764. Griggs v. State,268 S. W. 940. Under the decisions supra, the testimony was also admissible upon the part of the state to show the possession of said whiskey was for the purpose of sale.

We have examined the entire record and fail to find any error in the trial of said cause and are of the opinion that the judgment of the trial court should be affirmed, and it is accordingly so ordered.

*Affirmed.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the court.