### ALBERT KLEIN V. THE STATE.

No. 9802.    Delivered April 28, 1926.

1.—Keeping Premises for Manufacturing, Etc., Intoxicating Liquor—Indictment—Not Multifarious.

Where an indictment charges in the same count the keeping, and being interested in keeping premises for the purpose of selling, transporting, receiving, and giving away intoxicating liquor, it is not duplicitous.

Where several ways by which an offense may be committed are set forth in the same statute, and are embraced in the same general definition, and punishable in the same manner and extent, and are not repugnant to each other, they may be charged conjunctively in the same count.   See French v. State, 269 S. W. 786, and other cases cited.

### 2.—Same—Other Offenses—When Admissible.

While it is the general rule that other offenses are not admissible against him, such proof is permissible against the accused when it is necessary to rebut a claim of good faith, lack of evil intent, etc.   Appellant having testified that liquor found on his premises was manufactured by him to be used as medicine by his wife, evidence that the ex-sheriff had searched his house prior to the time in issue, and found therein thirty-two gallons of whiskey, fifty bottles of home brew, fifteen gallons of wine, one hundred gallons of mash and two stills, was properly admitted.   Distinguishing Copeland v. State, 271 S. W. 91.

### 3.—Same—Evidence—Of Subsequent Offenses—Improperly Admitted.

Where, on a trial for keeping premises, etc., it was error to permit the state to prove that on the 24th day of March, 1925, some six weeks after the indictment was returned against appellant, witness bought some of the so-called home brew from him, and that it made witness drunk. The intoxicating character of the liquor found on appellant's premises being in issue, it was not competent for the state to make out its case by proof of the intoxicating quality of liquor sold to witness by appellant subsequent to the returning of the indictment.   See Johnson v. State, 1 Tex. Crim. App. 118, and other cases cited.

Appeal from the District Court of Gillespie County.   Trial below before the Hon. J. H. McLean, Judge.

Appeal from a conviction for keeping premises, etc., for the manufacture, etc. of intoxicating liquors, penalty two years in the penitentiary.

The opinion states the case.

*H. H. Sagebiel* of Fredericksburg, for appellant.

*Sam D. Stinson,* State's Attorney, and *Robert M. Lyles,* Assistant State's Attorney, for the State.

BERRY, JUDGE.—The appellant was condemned to two years' confinement in the penitentiary under an indictment which charged that on or about the 5th day of February, 1925, in Gillespie County, Texas, that he did then and there unlawfully and knowingly keep and was interested in keeping certain premises, building, room and place used for the purpose of manufacturing, storing, selling, transporting, receiving, delivering and giving away spirituous, vinous and malt liquor capable of producing

intoxication. The indictment then sets out with particularity the premises and names the place where they were situated in the town of Fredricksburg.

The defendant excepted to the indictment because same was duplicitous in that it sought to charge the defendant with two or more several offenses in one count, in that it charged him with keeping and being interested in keeping premises for the purpose of selling, transporting, receiving and giving away intoxicating liquor. The appellant's exceptions to the indictment were properly overruled. The gist of the offense is the keeping of his premises for an unlawful purpose and it is well settled that where several ways by which an offense may be committed are set forth in the same statute and they are embraced in the same general definition and are punishable in the same manner and to the same extent and are not repugnant to each other, they may be charged conjunctively in the same count. French v. State, 269 S. W. 786. Wimberly v. State, 95 Texas Crim. Rep. 102; 252 S. W. 787. Also see Sec. 508 Branch's Ann. P. C. where many authorities are cited supporting this rule.

The state proved by the sheriff of Gillespie County and other witnesses that acting under a search warrant he searched the premises of the appellant and found about a dozen bottles of home-brew in his residence and found eleven gallons of whiskey in his garage. That he also found in the middle of the garage a big wash boiler and a gas burner. The sheriff testified, "I think it was a regular burner, for to cook that stuff, the whiskey." The sheriff and his deputies testified that this search was made on or about the 5th day of February, 1925."

The appellant complains at the action of the court in permitting the witness ex-sheriff Petmecky to testify that on or about the 1st day of April, 1924, while he was sheriff that he searched the premises of the appellant and found thirty-two gallons of whiskey and fifty bottles of home-brew, one hundred gallons of mash, about fifteen gallons of wine and two stills. Appellant objected to the introduction of this testimony for the reason that it formed no part of the res gestae of the case on trial and for the further reason that the transactions testified about were too remote from the transactions involved in this trial and were therefore wholly irrelevant and immaterial to any issue in the case. It is proper to state that the appellant testified in his own behalf that he made the liquor found in the bottles by the sheriff for his wife. That he did not make it to sell or give away or anything of the kind. That the whiskey found

did not belong to him but belonged to a party named Heck. It is appellant's contention that under the authority of Copeland v. State, 271 S. W. 91, this testimony was not admissible. In the Copeland case, however, this court speaking through Judge Lattimore held that the State might not prove separate similar crimes against the accused on the theory of system UNLESS SAME APPEARED NECESSARY TO REBUT A CLAIM OF GOOD FAITH, LACK OF EVIL INTENT, ETC. We think this testimony was clearly admissible as rebutting appellant's claim that he manufactured the beer found on his premises for his wife to use as a medicine. It is true that the state introduced this testimony in making is case in chief but in view of appellant's testimony in the case, we would not hold this to be reversible error. Gregory v. State, 244 S. W. 615. Again it may be said that the rule is well setlted in this state that in making its case in chief the State has the right to resort to any testimony that is conducive to that purpose.

The appellant claimed, and it was in evidence, that the whiskey found on his premises did not belong to him but belonged to a neighbor by the name of Heck who had rented his garage, and claimed that the stuff called home-brew was manufactured by him for the use of his wife for medicine. The indictment was returned on the 21st day of February, 1925, and with the record in this condition, appellant complains at the court's action in permitting the witness Danz to testify that on the 24th day of March, 1925, some six weeks after the indictment was returned against him that he bought some of the so-called home-brew from the appellant and that it made the witness drunk.

We think this testimony was an important part of the state's case, in view of the fact that the state had introduced very meagre testimony, if any, to the effect that the so-called home-brew found prior to the time of the return of the indictment was intoxicating. This being true, it was not competent for the State to make its case by proof of the intoxicating quality of liquor found on appellant's premises subsequent to the presentment of the indictment. It is true, as stated by Mr. Branch in Sec. 439 of his P. C. that the state is not bound by the date alleged in the indictment and may prove that the offense was committed before, on, or after the date alleged but he very properly recognizes the further rule that the date proved must be anterior to the presentment of the indictment, or information, and not so remote as to be barred by limitation. Johnson v. State, 1 Tex. Crim. App. 118. Temple v. State, 75 Tex.

Crim. App. 314, Lucas v. State, 27 Texas Crim. App. 323. Hogan v. State, 143 S. W. 184. Hamer v. State, 60 Texas Crim. Rep. 341.

We think the Court erred to the prejudice of the appellant in admitting this testimony, and for such error the judgment is reversed and the cause remanded.

*Reversed and remanded.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.