CHARLEY THOMAS v. THE STATE.

No. 11182.    Delivered March 14, 1928.

Rehearing denied State May 16, 1928.

1.—Sale of Intoxicating Liquor—Continuance—For Impeaching Testimony—
    Properly Denied.

    Where, on a trial for the sale of intoxicating liquor, appellant requested a postponement on account of the absence of the Assistant County Attorney, who had been subpoenaed and by whom he expected to show that prosecuting witness Norris had stated to this attorney that he bought the intoxicating liquor from a negro woman and not from appellant. No predicate had been laid for impeaching said state witness and such testimony being wholly impeaching in its character, there was no error in refusing the postponement. See Smith v. State, 272 S. W. 207.

**2.—Same—Argument of Counsel—Very Improper—Necessitates a Reversal.**

Where, on a trial for the sale of intoxicating liquor, the State's Attorney in his closing argument, referring to the testimony of the main prosecuting witness, said: "I know George Norris. I have known him several years, and when he told me he had bought intoxicating liquor from the defendant I believed him, and still believe him." The argument was in effect the unsworn testimony of the State's Attorney, was obviously prejudicial, and constituted reversible error.

### ON REHEARING BY STATE.

**3.—Same—No Error Perceived.**

On rehearing by the state, we have carefully examined all cases cited, but find none that supports the state's contention that the argument of the State's Attorney was not reversible error. As we view the matter the statement in argument set out in the original opinion in this case had the effect of placing the District Attorney as a witness to the good character of the state's witness relied upon to convict appellant, and the state's motion is overruled.

Appeal from the District Court of Grayson County. Tried below before the Hon. F. E. Wilcox, Judge.

Appeal from a conviction for the sale of intoxicating liquor, penalty one and one-half years in the penitentiary.

The opinion states the case.

*Jas. D. Buster,* for appellant.

*R. M. Finley,* County Attorney of Grayson County; *Sam D. Wolfe,* Assistant County Attorney of Grayson County, and *A. A. Dawson* of Canton, State's Attorney, for the State.

CHRISTIAN, JUDGE. — The offense is selling intoxicating liquor, the punishment confinement in the penitentiary for one and one-half years.

The state's witness, George Norris, testified that he purchased a quart of choc beer from appellant and that it intoxicated him. Appellant did not testify.

Appellant's first application for a postponement was based on the absence of the Assistant County Attorney, who had been duly summoned as a witness. It was alleged in the application that if present, the witness would testify that the state's witness told him he bought the liquor in question from a negro woman. Such testimony would have been wholly impeaching in its nature. The record shows that no predicate was laid for impeaching Norris. We are constrained to hold that in overruling the application no abuse of discretion on the part of the trial judge is shown. Smith v. State, 272 S. W. 207.

In his closing argument the District Attorney used language as follows:

"I know George Norris. I have known him several years and when he told me that he had bought intoxicating liquor from the defendant I believed him and still believe him."

Appellant timely objected to this argument, and the court instructed the jury not to consider it for any purpose. The general reputation of Norris for truth and veracity was placed in issue. Several witnesses testified that Norris' general reputation for truth and veracity was bad. Norris was the only witness who testified to the sale of the liquor. The argument was in effect the unsworn testimony of the District Attorney that the witness' reputation in the respect mentioned was good. Such argument was obviously prejudicial and constituted reversible error.

The judgment is reversed and the cause remanded.

*Reversed and remanded.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

### ON MOTION FOR REHEARING.

LATTIMORE, Judge.—In view of the able motion filed by the state in this case we have given our careful attention to each point made and have examined all the authorities cited. We do not think any of them present a case in which the argument complained of was as capable of harm to the accused as in the case before us. Appellant relied almost entirely upon breaking down the testimony of the only state witness to the fact of the alleged sale of liquor. He introduced several witnesses who testified that the reputation of said witness for truth and veracity was bad. In its rebuttal the state called witnesses who testified that the reputation of the witness was good. In this condition of the record we are unable to bring ourselves to believe that the statement of the District Attorney, a man in whom the jury had confidence, and who was recognized by them as a trusted public official, in substance and effect that he knew said state witness and had known him for a number of years, and that when the state witness testified to his purchase of intoxicating liquor, said District Attorney believed him, and that he still believed him—was not gravely prejudicial to the rights of the accused. There was no other testimony in the record to show that the District Attorney had not only present

but long continued acquaintance with the witness. As we view the matter, the statement in argument set out in the original opinion in this case had the effect of placing the District Attorney as a witness to the good character and reputation of said state witness, alongside the other witnesses introduced by the state in rebuttal. We are constrained to believe the motion for rehearing should be overruled, and it is so ordered.

*Overruled.*