The judgment is reversed, and the cause remanded.

---

## THOMAS v. STATE. (No. 11182.)

Court of Criminal Appeals of Texas. March 14, 1928.

State's Rehearing Denied May 16, 1928.

**1. Criminal law ⚖══596(3)—Postponement for absence of witness whose testimony was impeaching held properly denied, where no predicate was laid for impeachment.**

Where application for postponement for absence of assistant county attorney alleged that absent witness would testify that state's witness, who testified to purchasing liquor from defendant, told him that he purchased liquor from negro woman, testimony of absent witness was wholly impeaching in nature, and, in absence of predicate laid for impeaching state's witness, denial of postponement was not abuse of discretion.

**2. Criminal law ⚖══720(5)—District attorney's argument that he knew state's witness and believed his testimony to purchasing liquor from defendant held reversible error.**

Where several witnesses testified that general reputation for truth and veracity of state's witness was bad, and state's witness was only one testifying to sale of liquor for which defendant was prosecuted, argument by district attorney that he had known state's witness for number of years, and when witness told him he bought liquor from defendant he believed him and still believes him, was in effect unsworn testimony of district attorney that witness' reputation in respect mentioned was good, and constituted prejudicial and reversible error, though court instructed jury not to consider argument for any purpose.

Commissioners' Decision.

Appeal from District Court, Grayson County; F. E. Wilcox, Judge.

Charley Thomas was convicted of selling intoxicating liquor, and he appeals. Reversed and remanded.

James D. Buster, of Sherman, for appellant.
A. A. Dawson, State's Atty., of Austin, for the State.

CHRISTIAN, J. The offense is selling intoxicating liquor; the punishment, confinement in the penitentiary for 1½ years.

The state's witness, George Norris, testified that he purchased a quart of Choc beer from appellant and that it intoxicated him. Appellant did not testify.

[1] Appellant's first application for a postponement was based on the absence of the assistant county attorney, who had been duly summoned as a witness. It was alleged in the application that, if present, the witness would testify that the state's witness told him he bought the liquor in question from a negro woman. Such testimony would have been wholly impeaching in its nature. The record shows that no predicate was laid for impeaching Norris. We are constrained to hold that in overruling the application no abuse of discretion on the part of the trial judge is shown. Smith v. State, 100 Tex. Cr. R. 614, 272 S. W. 207.

In his closing argument the district attorney used language as follows:

"I know George Norris. I have known him several years, and when he told me that he had bought intoxicating liquor from the defendant, I believed him and still believe him."

[2] Appellant timely objected to this argument, and the court instructed the jury not to consider it for any purpose. The general reputation of Norris for truth and veracity was placed in issue. Several witnesses testified that Norris' general reputation for truth and veracity was bad. Norris was the only witness who testified to the sale of the liquor. The argument was in effect the unsworn testimony of the district attorney that the witness' reputation in the respect mentioned was good. Such argument was obviously prejudicial and constituted reversible error.

The judgment is reversed, and the cause remanded.

PER CURIAM. The foregoing opinion of the Commission of Appeals has been examined by the judges of the Court of Criminal Appeals and approved by the court.

On Motion for Rehearing.

LATTIMORE, J. In view of the able motion filed by the state in this case, we have given our careful attention to each point made and have examined all the authorities cited. We do not think any of them present a case in which the argument complained of was as capable of harm to the accused as in

the case before us. Appellant relied almost entirely upon breaking down the testimony of the only state witness to the fact of the alleged sale of liquor. He introduced several witnesses who testified that the reputation of said witness for truth and veracity was bad. In its rebuttal the state called witnesses who testified that the reputation of the witness was good.

In this condition of the record we are unable to bring ourselves to believe that the statement of the district attorney, a man in whom the jury had confidence, and who was recognized by them as a trusted public official, in substance and effect that he knew said state witness and had known him for a number of years, and that when the state witness testified to his purchase of intoxicating liquor said district attorney believed him, and that he still believed him, was not gravely prejudicial to the rights of the accused. There was no other testimony in the record to show that the district attorney had not only present but long-continued acquaintance with the witness. As we view the matter, the statement in argument set out in the original opinion in this case had the effect of placing the district attorney, as a witness to the good character and reputation of said state witness, alongside the other witnesses introduced by the state in rebuttal.

We are constrained to believe the motion for rehearing should be overruled, and it is so ordered.