## M. J. Jenkins v. The State.

No. 11660.  Delivered October 9, 1929.
Rehearing granted December 18, 1929.

The opinion states the case.

*Oliver Cunningham* and *J. F. Cunningham* of Abilene, for appellant.

*A. A. Dawson* of Canton, State's Attorney, for the State.

MORROW, Presiding Judge.—The conviction is for the unlawful possession for the purpose of sale of liquor capable of producing intoxication; punishment fixed at confinement in the penitentiary for a period of one year.

There was evidence that the witness McAllister, in company with the witness Payne, went to the Jenkins and Bradley Sandwich Stand and procured two drinks of whisky. At that time no other intoxicating liquor, was exhibited. Whether there was payment for the drinks of whisky and whether they were delivered by the appellant is more or less in doubt. Circumstances, however, were such as would justify the conclusion that payment was made and that the appellant was an actor in the transaction. On another occasion, McAllister and Bush visited the same sandwich stand and were served with drinks of whisky, and in addition thereto McAllister acquired a bottle of whisky which he afterwards delivered to the sheriff. Touching the delivery of the whisky and the payment therefor, the evidence is about on a parity with that above described. Soon after the second occasion mentioned officers searched the premises and according to their testimony found a half-gallon jar with a small quantity of whisky in it. There were some circumstances which they detailed to the jury tending to show that whisky had been poured out of the jar into a sink.

Appellant testified and specifically controverted all the testimony touching both of the transactions in which the witness McAllister took part and denied the possession or sale of whisky. That there were two occasions is made plain, but the time intervening between the two is left extremely indefinite.

In a prosecution for the possession of intoxicating liquor for the purpose of sale it has been held competent under certain circumstances to prove sales by the accused as declared in the following precedents: Atwood v. State, 96 Tex. Cr. R. 249; Reddell v. State, 99 Tex. Cr. R. 230; Todd v. State, 101 Tex. Cr. R. 426; Nichols v. State, 97 Tex. Cr. R. 178. So, in some instances proof of possession of liquor upon several occasions has been held properly received. Stringer v. State, 10 S. W. (2d) 721.

, If the jury concluded that on both of his visits McAllister purchased whisky from the appellant, the relations of one of the transactions to the other were such as to render proof of each available to the State as bearing upon the purpose of the accused as well as upon his identity as to the offender. It is manifest from the verdict that the jury found that upon one or both of the occasions the ap-

pellant possessed intoxicating liquor for the purpose of sale. Considering the evidence in its entirety, in connection with the verdict rendered and the penalty assessed, it is believed that in refusing the request of the accused made at the close of the testimony to require the State to elect upon which of the transactions it would rely, no error justifying a reversal was committed. If the conviction had been for more than the minimum penalty the matter would come in a different light, but inasmuch as the penalty assessed was the lowest permitted by law, it is not believed that the circumstances would require or justify a reversal of the judgment of conviction.

An affirmance is ordered.

*Affirmed.*

#### ON MOTION FOR REHEARING.

MORROW, Presiding Judge.—The question on original submission being whether the trial court should have required the state to elect as between transactions we went to the statement of facts. Confusion regarding the facts probably led us into error. On motion for rehearing our attention is directed to the bill of exception bringing the question of election forward for review. The specific certification by the trial judge that there were separate transactions was not fully appreciated on original hearing. The recitals in the bill—certified as facts by the trial judge who saw the witnesses and heard the evidence—is binding on this court, and clears the matter of evidence in such a way that the question is presented in a different light. The bill shows that by written motion appellant requested the court to require the state to elect whether it would rely for a conviction on a transaction which is claimed to have occurred about the 28th or 29th of June, or on one which was claimed to have occurred some two or three weeks prior thereto, and the bill then contains the following certificate of facts:

" * * * the state had proved by the witnesses, H. M. Payne and Arch McAllister, in substance the following,—that said witnesses had gone to the shop of the defendant on a day about the middle of June, 1927, and had bought from the defendant two drinks of whisky, paying the defendant therefor; that the only whisky they saw in the shop that day was the two drinks they bought and drank. Be it further remembered that the state had proved also, by the witnesses, A. E. Bush and Arch McAllister, in substance the following —that said witnesses had gone to the shop of the defendant on a day about the last of June, 1927, probably the 28th of June, 1927, and

had at that time and place bought from the defendant and his partner two drinks of whisky and a pint of whisky, paying the defendant therefor; that this occurred about two or three weeks after the time that the witness Payne and McAllister had bought the whisky that they testified about; that the only whisky they saw in the shop that day was the two drinks and the pint of whisky which they bought. Be it further remembered that there was no evidence showing that these transactions were one and the same continuous transaction."

It is perfectly plain that the court has certified that the state proved one transaction about the middle of June and another about the last of June, upon either of which—if the state's evidence was believed—appellant could have been convicted of possessing intoxicating liquor for the purpose of sale. It has long been established that if the testimony develops more than one separate transaction the state may be required to elect as to which one it would rely upon for a conviction. Mr. Branch cites many cases under Sec. 444 (Branch's Ann. Tex. P. C.) supporting the proposition, among them being Lunn v. State, 44 Tex. 85; Williams v. State, 44 Tex. Cr. R. 316; Batcherlor v. State, 41 Tex. Cr. R. 501. Among the more recent cases are Sims v. State, 98 Tex. Cr. R. 352; 265 S. W. 897; Sims v. State, 13 S. W. (2d) 98; Stringer v. State, 10 S. W. (2d) 721, in all of which many other authorities are referred to. In the light of the bill of exception it is impossible to distinguish this case from the two last cited.

Where the prosecution is for possessing intoxicating liquor for the purpose of sale we have held many times that proof of sales, not too remote, was relevant on the purpose for which the liquor was on hand. DeShazo v. State, 97 Tex. Cr. R. 490; 262 S. W. 764; Criggs v. State, 99 Tex. Cr. R. 215, 268 S. W. 940; McClendon v. State, 101 Tex. Cr. R. 128, 274 S. W. 159. An election therefore would not have had the effect to withdraw from the case evidence of the transaction other than the one elected upon. It would still be in the case as aiding the jury, if it did, in determining the purpose for which the whisky was possessed by appellant upon the occasion relied upon for conviction.

Believing we were in error originally, the motion for rehearing is granted, judgment of affirmance is set aside and the judgment is now reversed and the cause remanded.

*Motion granted; case reversed and remanded.*