## J. C. Lyles v. The State.

No. 12796.  Delivered November 27, 1929.
Rehearing denied January 15, 1930.

584

The opinion states the case.

*L. C. Counts* of Olney, for appellant.

*A. A. Dawson* of Canton, State's Attorney, for the State.

CHRISTIAN, JUDGE.—The offense is selling intoxicating liquor; the punishment confinement in the penitentiary for one and one-half years.

Appellant was convicted under a count in the indictment charging that he sold intoxicating liquor to Heston Whitt and Bob Robertson. Whitt and Robertson testified that they bought a half gallon of whiskey from appellant, paying him therefor five dollars. They said they went with appellant in an automobile to a place about a mile from town and that while there the transaction relative to the whiskey was had.

Appellant denied that he had sold the state's witnesses any whiskey and testified that he went with them at their request to bring the whiskey back to town on a promise that they would give him a drink of said whiskey. This theory was also supported by the testimony of appellant's wife.

In his first application for continuance appellant averred that he was not ready for trial on account of the absence of certain witnesses. Assuming that the diligence used in securing the witnesses was sufficient, we observe that by one of the witnesses appellant expected to prove that about a week prior to the commission of the offense the state's witnesses were in possession of a quantity of whiskey and engaged in a drunken brawl; that said witnesses were engaged in the business of handling and selling intoxicating liquor. Further it was stated in the application that the witness would be able to state the source from which the witnesses obtained intoxicating liquor; that they did not buy any liquor from appellant, but got liquor from some other person or persons whose names appellant did not know, but who might be known to the absent witness; that the witness had never known of appellant handling intoxicating liquor or being connected in any manner with its handling; that he had never heard any person charge appellant with having any connection with the handling of intoxicating liquor. The affidavit of the witness was not attached to appellant's motion for a new trial. Appellant did not undertake to testify that the absent witness was present with him and the state's witnesses on the occasion when the sale was alleged to have been made, although it is shown in his application for a continuance that he knew the witness. It would appear that a statement on the part of the witness that appellant did not sell the state's witnesses intoxicating liquor would be but a mere conclusion. If the witness was not present he certainly could not know that no sale was made. Again, the fact that the witnesses may have had a quantity of whiskey a week before the offense was committed and that they engaged in a drunken brawl would not seem to be relevant or material. Certainly such fact, if established, would not be inconsistent with proof that a week later appellant sold liquor to the witnesses. We are of the opinion that the statements contained in the application relative to the proposed testimony of the absent witness fail to show the relevancy and materiality of the proposed testimony. It is manifest from such statements that the absent witness was in no position to give testimony that would in any manner tend to refute the testimony given by the state's witnesses.

By another absent witness appellant expected to prove, as disclosed by the affidavit of the witness attached to the motion for a new trial, that Heston Whitt told him after the alleged sale of whiskey by appellant that he had not bought any whiskey from

appellant. This testimony would have been purely impeaching. Ordinarily a continuance sought to secure testimony which would only be available to impeach a witness who is to testify should be refused. Rosamond v. State, 276 S. W. 247; Smith v. State, 272 S. W. 207; Thomas v. State, 6 S. W. (2d) 118. No effort was made by appellant to lay a predicate for the impeachment of either of the state's witnesses.

Another witness, whose affidavit is attached to the motion, would have testified, according to the averments in the said affidavit that about a week prior to the occasion of the offense he was told by a named party that the state's witnesses had been drinking and had broken out a window in his place of business. The testimony of this witness was hearsay and could not properly have been admitted on the trial of the case.

The application for continuance was properly overruled and no abuse of discretion in refusing a new trial is shown.

The court properly refused to charge upon circumstantial evidence. The testimony relative to the sale of whiskey was direct.

We find nothing in the record in support of the theory advanced in appellant's brief that appellant acted as the agent of the purchasers in procuring the whiskey.

Appellant takes the position that there is a variance between the proof and the allegation contained in the indictment, it being asserted that the evidence fails to show a joint sale to the state's witnesses. These witnesses testified that they went together with appellant to the place where the whiskey was sold; that each furnished part of the money and that appellant delivered the whiskey to them. Appellant denied that he made the sale. In this state of the record, we are unable to reach the conclusion that a variance is shown.

Failing to find reversible error, the judgment is affirmed.

*Affirmed.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

### ON MOTION FOR REHEARING.

LATTIMORE, Judge.—In an earnest but courteous motion appellant urges that his motion for continuance should have been granted, and that the trial court erred in refusing the motion for new trial based in part upon overruling of his request for continu-

ance. We have again reviewed the testimony stated in the application as expected from the witness Dodgen, and are constrained to repeat what was stated in our original opinion, namely, that said testimony would not show that the witnesses Robertson and Whitt did not buy the liquor from appellant at the time and place laid in the indictment, and testified to by said witnesses. It is not averred that Dodgen was present at said time and place. We have also examined again the application in so far as same pertains to the witness Griffit and are unable to believe that the statements made in the application show his testimony of such materiality as that if present and giving such testimony the result would likely have been different. The testimony attributed to the absent witness Chisholm would unquestionably be only impeaching, and, as stated in the original opinion, a continuance sought to secure such testimony would be refused. We regret our inability to agree with contentions made that our former opinion was erroneous.

The motion for rehearing is overruled.

*Overruled.*