V. E. OVERMAN V. THE STATE.

No. 13877. Delivered March 18, 1931.

The opinion states the case.

*Hiram K. Aynesworth* and *Jos. H. Aynesworth,* both of Stinnett, and *Black & Graves,* of Austin, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

CHRISTIAN, JUDGE.—The offense is selling intoxicating liquor; the punishment, confinement in the penitentiary for three years.

Sam Mays, a state ranger, testified that he bought some whisky from appellant at appellant's place of business. Appellant admitted that the witness was in his place of business, but denied that he sold him any whisky.

Bill of exception No. 26 presents the following occurrence: W. M. Johnson, a witness for appellant, testified that he was present on the occasion the witness Mays was in appellant's place of business, and that appellant made no sale of whisky to said witness. The court certifies in the bill of exception as follows: "And be it further remembered that there was no evidence in the record in this cause that the witness W. M. Johnson had ever bought any whisky from the defendant, V. E. Overman, nor was it charged or alleged in the indictment that the witness W. M. Johnson had ever bought any whisky from the defendant V. E. Overman."

In his closing argument, the district attorney used language as follows: "I say this, if the honest-to-God truth was known in this cause from the facts and circumstances that reflects the true situation, that Bill Johnson (meaning W. M. Johnson) has bought enough liquor from this defendant that if he was given a day for every drink that he has bought this defendant would be in the pen for the rest of his life."

Appellant timely and properly objected to the foregoing remarks on the ground they were not in reply to any argument made by counsel for appellant; that there was no evidence that the witness Johnson had ever bought any whisky from appellant; that said remarks were prejudicial, outside of the record, and constituted the unsworn testimony of the district attorney. He also presented his written requested instruction wherein the jury would have been advised not to consider such remarks for any purpose. The court declined to give the written charge. When the objection to the argument was made the court used language as follows: "Judge Aynesworth (addressing appellant's counsel), I think that is a matter of logical deduction from the argument. I will state, gentlemen, as to this objection, and to the previous objections and any other matters that may arise during the balance of this trial that argument is not testimony and you gentlemen should be governed by the testimony, and not by statements and deductions and inferences that may be made during the argument by the counsel. That is just in line with the arguments and you will not consider that on either side save and

except as argument and their views, but you will be governed by the testimony and the facts and circumstances in the case."

In this connection, the court further stated to the jury: "As I have before instructed, gentlemen, you will not take into consideration these objections (meaning the objections of counsel). I will not limit counsel on either side for they have a right to draw inferences from the testimony, but I will ask counsel (meaning the district attorney) to confine himself to the record. Gentlemen, I again instruct you that consideration of argument of counsel of course is not testimony. You will be governed in the decision of this case by the testimony and the facts and circumstances in the evidence."

After the testimony had been closed, the court orally instructed the jury as follows: "Gentlemen, there have been several objections on both sides about argument of counsel, objections to certain phases of it. I again refresh your mind now that you are to decide the case under the law and the evidence and that argument of counsel, that represents their views and their deductions from the testimony, and you will be governed by the law and fact and testimony in the case."

We deem the oral instruction of the court inadequate to withdraw the remarks from the jury. In stating to appellant's counsel that the remarks of the district attorney constituted a matter of logical deduction, the trial judge, in effect, advised the jury that there were facts and circumstances in evidence warranting the argument that the witness Johnson had purchased intoxicating liquor from appellant on many occasions. There was no evidence in support of the statement of the district attorney. Hence the argument was in effect the unsworn testimony of the district attorney that the witness habitually bought whisky from appellant. The argument had the double effect of impeaching the witness and charging appellant with offenses for which he was not upon trial. If the jury had believed the testimony of the witness Johnson they would have acquited appellant. The opinion is expressed that the remarks were obviously prejudicial to the rights of appellant. A penalty two years in excess of the minimum was assessed. Ayres v. State, 115 Texas Crim. Rep., 638, 27 S. W. (2d) 540; Thomas v. State, 109 Texas Crim. Rep., 578, 6 S. W. (2d) 118.

The indictment contained two counts, one charging a sale of whisky to the witness Mays and another containing appropriate allegations charging possession of intoxicating liquor for the purpose of sale. The transaction relied upon by the State occurred on January 27th. The witness Mays testified, over appellant's objection, that he had also purchased intoxicating liquor from appellant on January 4th. Appellant sought to have the transaction occurring on January 4th withdrawn from the consideration of the jury. It is unnecessary for us to decide whether the refusal of the court to withdraw the testimony touching such trans-

action was error. We call attention, however, to the rule that where the prosecution is for possessing intoxicating liquor for the purpose of sale, proof of sales, not too remote, is relevant on the purpose for which the liquor is possessed. Jenkins v. State, 113 Texas Crim. Rep., 628, 23 S. W. (2d) 354. If another trial be had appellant will necessarily be tried for selling intoxicating liquor on January 27th, he having been acquited of the count charging possession of intoxicating liquor for the purpose of sale. The sole question then will be, did the appellant sell the whisky to Mays? If the testimony touching the transaction is the same upon another trial as disclosed by the record upon this appeal, proof of the sale of intoxicating liquor on January 4th, if properly objected to, should be rejected. In the case of Copeland v. State, 99 Texas Crim. Rep., 659, 271 S. W., 91, the witness testified that he had bought intoxicating liquor from the accused. The accused denied the transaction. The State was permitted, over objection, to prove by the witness that on a dozen or more prior occasions the accused had sold him the same kind of intoxicant. In holding that the testimony of previous sales was inadmissible, Judge Lattimore used language as follows: "The bill complaining of this matter is approved with a qualification by the learned trial judge that this was admitted for the purpose of showing system. In Long's Case, 39 Texas Crim. Rep., 537, 47 S. W., 363, appears this court's rejection of the doctrine that the State might prove separate similar crimes against the accused, on the theory of system, unless same appeared necessary to rebut a claim of good faith, lack of evil intent, etc. The books are full of similar holdings. The matter was erroneous." See also Todd v. State, 101 Texas. Crim. Rep., 425, 275 S. W., 1013.

Because of the improper argument on the part of the district attorney, the judgment is reversed and the cause remanded.

*Reversed and remanded.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.