ISAAC JONES v. THE STATE.

No. 17939. Delivered February 19, 1936.

The opinion states the case.

*Mathis, Thomas & Glover,* of Houston, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

CHRISTIAN, JUDGE.—The offense is murder; the punishment, death.

It was charged in the indictment, in substance, that Isaac Jones, with malice aforethought, killed R. H. Sullivan by shooting him with a pistol.

Appellant, who is a negro, was engaged in the business of repairing shoes. His wife and daughter lived with him in the back part of his shop. Prior to the time appellant occupied the building a beer garden had been operated there. Shortly prior to the homicide deceased, who was a police officer, and Steve Conroy had been riding around town in a taxi-cab driven by D. H. Milligan. Conroy had been drinking intoxicating liquor. The parties drove to appellant's place of business and Conroy went inside for the purpose of getting some beer. According to his testimony, he thought beer was still being sold there. He testified that he asked for the former proprietor of the place. Appellant replied that he was not there and told him that he did not allow any white s-s of b-s in there. Appellant then walked toward him and knocked him down. He got up and struck at appellant. Deceased entered, and, displaying his official badge, ordered appellant to desist his attack on Conroy. Appellant went to his work bench, and, securing a pistol, fired twice. Deceased fell mortally wounded. Appellant then said: "All you white s-s of b-s get out of here." Deceased had not drawn his pistol and was making no effort to draw it at the time appellant shot.

Appellant took sharp issue with the foregoing version of witnesses for the State. He testified that he was at work when Conroy staggered into his place of business and asked for the former proprietor. He told Conroy to get out, as he was drunk. Conroy cursed him and he took hold of his arm, led him toward the door and pushed him out. Conroy fell but immediately got up and struck him on the head. At this juncture deceased ran toward the door with his hand in his coat pocket. He (appellant) then went behind his counter followed by deceased and Conroy. Deceased drew a pistol and pointed it at him. He secured his pistol and shot deceased. Appellant's version was supported by the testimony of other witnesses on his behalf.

In rebuttal the State introduced two city detectives who arrived at the scene shortly after the homicide. They testified that deceased's pistol was in his holster and that when his body was moved it fell out on the floor.

According to the court's qualification attached to appellant's bill of exception No. 3 the assistant district attorney made one of two arguments when he addressed the jury. Said

prosecutor admitted that he employed language as follows: "The men are officers of long years of experience and have rendered faithful service and are worthy of belief; I have worked with them." In the qualification it is shown counsel for appellant asserted that State's counsel said in argument: "You have heard Hugh Graham and George Seber testify. They have each testified that the deceased still had his pistol in his holster when they went there to the scene of the killing. I have been prosecuting attorney or prosecuting cases of this sort for twenty years, during which period of time I have heard them testify and their testimony has never been questioned or contradicted." The officers referred to were those who had testified for the State in rebuttal to the effect that deceased's pistol was in his holster and fell to the floor when his body was removed. While the qualification discloses that the trial court did not remember the exact language counsel had employed, it sufficiently certifies that he made one of the arguments hereinbefore quoted. Be that as it may, the argument the assistant district attorney admitted he made was, in our opinion, obviously prejudicial, notwithstanding the court sustained appellant's objection thereto. Counsel in effect gave unsworn testimony that the witnesses were truthful men, basing said statement on the knowledge gained from working with said officers.

In Thomas v. State, 6 S. W. (2d) 118, it appears that Thomas was on trial for selling intoxicating liquor to George Norris. There was a sharp issue as to whether the sale was made. In his closing argument the district attorney said: "I know George Norris. I had known him several years and when he told me that he had bought intoxicating liquor from the defendant I believed him and still believe him." The objection of Thomas to said argument was sustained and the jury instructed to disregard it. In concluding that the matter presented reversible error, Judge Lattimore, in the opinion on motion for rehearing, used language as follows:

"In view of the able motion filed by the State in this case, we have given our careful attention to each point made and have examined all the authorities cited. We do not think any of them present a case in which the argument complained of was as capable of harm to the accused as in the case before us. Appellant relied almost entirely upon breaking down the testimony of the only State witness to the fact of the alleged sale of liquor. He introduced several witnesses who testified that the reputation of said witness for truth and veracity was bad.

In its rebuttal the State called witnesses who testified that the reputation of the witness was good.

"In this condition of the record we are unable to bring ourselves to believe that the statement of the district attorney, a man in whom the jury had confidence, and who was recognized by them as a trusted public official, in substance and effect that he knew said State witness and had known him for a number of years, and that when the State witness testified to his purchase of intoxicating liquor said district attorney believed him, and that he still believed him, was not gravely prejudicial to the rights of the accused. There was no other testimony in the record to show that the district attorney had not only present but long-continued acquaintance with the witness. As we view the matter, the statement in argument set out in the original opinion in this case had the effect of placing the district attorney, as a witness to the good character and reputation of said State witness, alongside the other witnesses introduced by the State in rebuttal."

In the present case there was a sharp issue as to whether deceased drew a pistol and attacked appellant. The testimony of the officers, if believed, militated against the conclusion that deceased drew his pistol. On the other hand appellant and his witnesses declared that deceased had drawn his pistol and was pointing it at appellant. The State's attorney before this court confesses **error.**

Upon another trial the State should not be permitted to introduce the bullet that killed deceased. It shed no light on any issue in the case. In view of the fact said bullet had blood and hair on it, it might have had the effect of arousing the passion of the jury.

Because of the erroneous argument of counsel for the State, the judgment is reversed and the cause remanded.

*Reversed and remanded.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.