ORA LEE GAINES V. THE STATE.

No. 22593. Delivered November 3, 1943.
Rehearing Denied January 5, 1944.

The opinion states the case.

*Wm. E. Davenport,* of San Angelo, for appellant.

*Spurgeon E. Bell,* State's Attorney, of Austin, for the State.

HAWKINS, Presiding Judge.

Conviction is for selling beer without a permit in an area where it was legal to sell beer by one having such permit, the punishment assessed being a fine of $150.00.

Appellant is a negro woman. The alleged purchaser was C. H. Furlow. He and Wendel Hayden, negro men who were working for the State Liquor Control Board, testified that they went to appellant's place of business in San Angelo on the night of May 28, 1942, and bought beer from appellant, whom they positively identified. They also testified that other persons were present whom witnesses saw buy and drink beer.

It was admitted that appellant had no permit to sell beer. Her defense was that on the night in question she was not at her place of business but was in San Antonio, having gone there to attend a dance. She supported her defense of alibi by the testimony of witnesses who claimed to have accompanied her to San Antonio. This issue was submitted to the jury and determined against appellant on conflicting testimony.

Appellant, Ora Lee Gaines, also called "Honey" Gaines, testified that while she was in San Antonio at the time mentioned she bought a pair of shoes from the "El Huarche," a store where they sold such things, and also costume jewelry and curios. She identified a sales slip handed her by her attorney as one she received at the "El Huarche" on May 28, 1942. Appellant then offered said sales slip in evidence. The bill complaining of its rejection shows that the State objected to its admission because it had not been properly authenticated. The sales slip in question as shown in the bill is a follows:

"Date 5-28-1942

" --------------------------------------------------

Address, Cash
1 pair Huarche's Cuerna Vaca         $2.50
Mrs. Honey Gaines

'EL HUARCHE' Mexican Curios and Shoes
      San Antonio, Texas."

In the absence of the jury appellant testified that she saw the saleslady make out the slip, that it was correctly made, and that the writing on it was in the handwriting of the saleslady, and that appellant did no part of the writing thereon.

At this time, by the great weight of authority, sales slips are admissible in evidence where pertinent when shown to have been made in the *usual course of business*. This is a requisite precedent to the admission of the sales slip where it is proposed to make the slip itself a witness. See Wigmore on Evidence, Vol. 5, Sec. 1523, page 370; American Jur., Vol. 20, Sec. 1068, page 919, and authorities referred to in Notes 15 and 16; American Law Rep. Ann., Vol. 83, page 817.

In support of the position that the sales slip was admissible in evidence appellant has cited McCormick-Ray Tex. Law of Evidence, pages 341 and 343; St. Louis I. M. & S. Ry. Co. v. Dodson, 97 S. W. 523; Tones v. State, 48 Tex. Cr. R. 363, 88 S. W. 217; Tinker v. State, 269 S. W. 778, 99 Tex. Cr Rep. 369. We think appellant has confused the right of a witness to refresh his recollection by reference to a memoranda which he knows to be correct even though not made by him, nor made in the ordinary course of business. Such was the question discussed in the text book referred to, and in the two cases first above listed. There was no objection here interposed to appellant referring to the sales slip to refresh her recollection. The objection came when the slip itself was offered as evidence. We think

appellant misapprehends the holding in Tinker v. State (supra). The question there was the admissibility of certain school records. The parent who gave the date from which the census taker made his entries was dead. This was shown to present an exception to the hearsay rule, and it was further held that the school records were public records and receivable in evidence as such. A case perhaps more nearly in point is Scoggins v. State, 92 Tex. Cr. R. 424, 244 S. W. 535, but there the book entries admitted over objection were shown to have been made in the "usual course of business." By reason of the failure to so show as to the sales slip here involved, no error in excluding it has been shown.

During the course of the county attorney's argument he said, "Gentlemen of the jury, our two main witnesses are inspectors for the Texas Liquor Control Board, and are high-class colored men; otherwise, the Texas Liquor Control Board would not hire them." This argument was objected to as being unsworn testimony of the county attorney, and not in the record.

To sustain her contention that the argument was reversibly harmful appellant relies on Thomas v. State, 109 Tex. Cr. R. 578, 6 S. W. (2d) 118; Jones v. State, 129 Tex. Cr. Rep. 620, 91 S. W. (2d) 341; Parker v. State, 124 Tex. Cr. R. 600; 64 S. W. (2d) 786; Moynahan v. State, 140 Tex. Cr. R. 540, 146 S. W. (2d) 376. In each of the cases mentioned counsel for the State told the jury in his argument of his personal acquaintance with prosecuting witness and bolstered the truthfulness of the witness by his personal experience with him. This does not seem to be the state of the present record. The two witnesses referred to lived in San Antonio. There is nothing to show that the county attorney knew either of them save in their connection with the Liquor Control Board. The argument appears to be a conclusion of the county attorney that the Board would not have employed them had they been other than high-class colored men. We think it lacked the personal endorsement of the State's attorney such as appears in the cases cited, but was rather a conclusion of the attorney from the evidence.

The judgment is affirmed.

### ON MOTION FOR REHEARING.

KRUEGER, Judge.

In her motion for rehearing appellant raises the same questions which she presented to this court on the original submission of this case. Each of the questions was discussed quite at

length by Judge Hawkins in the original opinion, and we see no need of again reiterating what has already been said, as it would serve no useful purpose. We have reviewed the record in the light of the appellant's motion but remain of the opinion that the questions presented were properly disposed of.

The motion for rehearing is overruled.

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.